■ In the Matter of Wade H., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order, Family Court of the State of New York, New York County, entered on December 9, 1971, placing appellant at the New York State Training School, and the fact-finding determination entered on October 27, 1971, that appellant committed an act which, if committed by an adult, would constitute the crime of robbery in the second degree, unanimously reversed, on the law and the facts, and the petition against appellant dismissed, without costs and without disbursements. A juvenile delinquency petition was filed against appellant by the mother of Stewart Baker, an eight and one-half year-old child, accusing appellant of having forcibly taken Stewart's shoes, pants and jacket, acts which, if done by an adult, would constitute the crimes of robbery in the second degree and assault in the third degree. Stewart Baker was offered to be sworn and testify in support of the petition. Over timely objection, the court, after a *voir dire* examination, ruled that the young witness could be sworn. In so doing the trial court erred. Under CPL 60.20 (subd. 2) a child less than 12 years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. In our opinion, the record herein falls short of demonstrating an adequate basis for a conclusion that the infant witness understood the nature of an oath. Hence, the record must be reviewed as if the infant witness was permitted to give unsworn testimony. But, a defendant in a criminal proceeding may not be convicted of an offense solely upon the unsworn evidence of a child less than 12 years old. (CPL 60.20, subd. 3.) This requirement of corroboration in criminal cases has been held to apply to juvenile delinquency proceedings. (*Matter of Steven B.*, 30 A D 2d 442.) We find no such corroboration in the record. The order appealed from must therefore be reversed and the delinquency petition dismissed. Concur — Nunez, J. P., Kupferman, Murphy, Lane and Steuer, JJ.

■ Trophy Productions, Inc., Respondent, v. Joseph P. Smith, Appellant, and Pathe Pictures, Inc., Defendant. Trophy Productions, Inc., Respondent, v. Joseph P. Smith, et al., Appellants, and Pathe Pictures, Inc., Defendant.— Order, Supreme Court, New York County, entered March 22, 1972, granting summary judgment, and judgment of said court entered thereon on March 24, 1972, unanimously reversed, on the law, summary judgment denied and the judgment vacated. Appellants shall recover of respondent $60 costs and disbursements of these appeals. Appeal from order, Supreme Court, New York County, entered on November 8, 1972, unanimously dismissed as academic, without costs and without disbursements. On the record we find that there are at least three triable issues which cannot be resolved on the conflicting affidavits. These issues are whether the notes in suit were transferred to the plaintiff as an agent to collect for the payee, which agency was revoked before suit was brought; whether the notes were altered; and whether the notes were replaced by subsequent notes which were paid. Concur — Stevens, P. J., Kupferman, Lane, Steuer and Capozzoli, JJ.