■ CHRISTIE'S (INTERNATIONAL) S. A., Respondent, v ADRIAN GUGLIARDA, Appellant.—Order, Supreme Court, New York County, entered May 12,

1978, granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment is unanimously modified, on the law, without costs and without disbursements, to deny plaintiff's motion for summary judgment and to direct the service of formal pleadings, and is otherwise affirmed. As the result of a transaction between plaintiff and one Frascarolo, the latter had uttered a check to plaintiff which was subsequently dishonored. Frascarolo had indorsed and supposedly delivered to a Swiss firm (Golay) three promissory notes made by defendant payable to Frascarolo. The Swiss firm had vouched to plaintiff for Frascarolo. Golay, out of a moral responsibility, delivered the notes to plaintiff. On the due dates plaintiff presented the notes for payment and payment of each was refused. It seems that Mr. Frascarolo had agreed to deliver certain jewelry to the defendant, but insisted on receiving the notes in advance as collateral. This was pursuant to the regular course of business whereby the defendant would write the notes to Frascarolo who would then buy jewelry for the defendant to resell. Defendant would use the proceeds to cover the notes. Frascarolo allegedly failed to deliver the jewelry. Among its defenses defendant raises the question of authenticity of Frascarolo's indorsement of the notes contending that the signatures are forgeries and part of a fraudulent scheme. In substantiation, an affidavit is submitted by a handwriting expert which states that the signature on the check given by Frascarolo to the plaintiff and Frascarolo's indorsements on the promissory notes were not made by the same person. The fact that the expert rendered an opinion without giving his reasons still leaves a triable issue of fact, for an "expert may state his opinion without further foundation." *(Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414; see, also, CPLR 4515; 5 Weinstein-Korn-Miller, NY Civ Prac, par 4515.03, p 45-334.) The proceeding here was instituted by a motion for summary judgment in lieu of complaint (CPLR 3213). In considering relief of this type, the court must be convinced that no issues exist which would warrant a plenary proceeding. A remedy which precludes a litigant from presenting his evidence to a Judge or jury is one which should be used sparingly. "Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" *(Moskowitz v Garlock,* 23 AD2d 943, 944). The granting of such a motion "is the procedural equivalent of a trial" *(Crowley's Milk Co. v Klein,* 24 AD2d 920). It clearly appears here that material and triable issues of fact are raised which do not accommodate themselves to resolution upon a motion of this sort. The status of plaintiff, the circumstances under which it received the notes and the genuineness of Frascarolo's indorsements thereon are among the arguable issues of fact in this record. In the circumstances, this lawsuit should proceed upon formal pleadings. Concur—Birns, J. P., Silverman, Evans, Fein and Lane, JJ.