■ ARTHUR LAWRENCE, Respondent, v POLICE DEPARTMENT OF THE CITY OF SYRACUSE et al., Appellants. — Judgment unanimously reversed, on the law and facts, without costs, and complaint dismissed. Memorandum: On the evening of June 14, 1975 plaintiff was asked by a City of Syracuse police officer to produce a license for the pistol he was carrying. Plaintiff presented a receipt he had received in return for payment of an application fee to amend his pistol permit. He had been informed by the pistol permit clerk that he must surrender his permit when applying to amend it, and was further advised that the receipt operated as a temporary permit. The police officer determined that the receipt did not satisfy the statutory requirements for a valid license (Penal Law, § 400.00, subd 7), and plaintiff was arrested on the charge of criminal possession of a loaded firearm. The charge was dismissed two days later and, thereafter, plaintiff commenced this action for false arrest. At the close of proof, defendants moved to dismiss for failure to establish a prima facie case in that plaintiff did not prove that the arrest was made without probable cause; the motion was denied and the matter submitted to the jury. It returned a verdict for plaintiff in the amount of $10,000 upon which the judgment was entered from which defendants appeal. To establish a cause of action for false arrest it is necessary that plaintiff show that his confinement was not otherwise privileged. Where an arrest is effected without a warrant, the existence of probable cause for the arrest is a legal defense to false arrest, which defendant has the burden of proving *(Broughton v State of New York*, 37 NY2d 451, cert den *sub nom. Schanbarger v Kellogg*, 423 US 929; *Oakley v City of Rochester*, 71 AD2d 15). We find that defendants established the existence of probable cause, as a matter of law, to arrest plaintiff (Penal Law, § 400.00, subd 8). The receipt given the arresting officer did not meet the statutory requirements for a valid license (Penal Law, § 400.00, subd 7), and there is no evidence that the officer knew of the procedure followed in amending licenses, or had resources available to him through which he could have obtained such information. (Appeal from judgment of Onondaga Supreme Court — false arrest.) Present — Dillon, P.J., Hancock, Jr., Doerr, Moule and Schnepp, JJ.