■ STATE BANK OF ALBANY, Appellant, v JOHN L. MCAULIFFE, Respondent. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered August 19, 1982 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment. Defendant executed three promissory notes payable to plaintiff bank as security for three separate loans. In exchange for one of the notes, plaintiff issued a cashier's check payable to defendant for the full amount of the loan proceeds. In exchange for each of the other two notes, plaintiff issued a cashier's check payable to defendant for a portion of the loan proceeds and credited the remainder against other loan accounts defendant had with the bank. Each of the notes provided that the failure by defendant to make any of the installment payments would cause the notes to become payable immediately. According to plaintiff's records, defendant made a number of payments on each loan and then, in January of 1981, defaulted on all three. Plaintiff commenced this action seeking to recover the balance due on the notes. Defendant asserted affirmative defenses that he did not receive the loan proceeds from plaintiff, that the complaint fails to state a cause of action, and that the loan proceeds were converted by plaintiff and/or its agents. Defendant also interposed counterclaims alleging malicious prosecution and wrongful exercise of control over defendant's personal property. Plaintiff moved for, *inter alia,* summary judgment. Such motion was denied and plaintiff appeals. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944). However, the opponent of a properly

made summary judgment motion cannot simply rely on conclusory assertions, but must present evidentiary facts sufficient to raise a triable issue of fact (*Freedman v Chemical Constr. Corp.,* 43 NY2d 260, 264). In support of its motion, plaintiff offered an affidavit attesting to the facts of the transactions along with copies of the three promissory notes, the cashier's checks, and the computer printouts showing the due and payment dates of the installments. The cashier's checks bear what purports to be defendant's signature and they were cashed. In his papers in opposition to plaintiff's motion for summary judgment, defendant does not challenge plaintiff's assertion that he executed the promissory notes. This fact is thus deemed admitted (*Kuehne & Nagel v Baiden,* 36 NY2d 539, 544). In opposition to the motion, defendant asserts that he did not sign any of the checks, copies of which were attached to plaintiff's moving papers. Defendant also states that he did not indorse one of the cashier's checks in particular. These issues were not raised in defendant's answer but, for the first time, in opposition to the motion for summary judgment. Defendant argues that these assertions raise a triable issue of fact concerning his contention that his name on the checks was forged. We disagree. Defendant cannot raise a triable issue of fact as to whether he received the proceeds of the loans simply by alleging, in conclusory form, that the indorsements on the cashier's checks were forgeries. A signature on an instrument is presumed to be genuine (Uniform Commercial Code, 3-307, subd [1], par [b]). Defendant has offered no evidentiary matter to substantiate his allegation that his signature was forged (see *Christie's [Int.] S.A. v Gugliarda,* 65 AD2d 714, mod 67 AD2d 854 [in support of a claim of forgery an affidavit of a handwriting expert was offered]). Without some evidence in support of the claim of forgery, defendant's signatures on the cashier's checks and the fact that the checks were cashed are evidence that defendant did receive the proceeds of the loans. We note that the proceeds of two of the loans consisted, in part, of crediting other loan accounts defendant had with the bank. Nowhere in his papers in opposition to the motion for summary judgment did defendant deny that he had other loan accounts or that such accounts were credited as part of the proceeds of two of the loans. The only other argument offered by defendant in opposition to the motion for summary judgment was his contention that he did not make any of the installment payments on the loans which plaintiff contends he made. In opposition to plaintiff's computer printouts showing the date and amount of each installment payment, defendant offers only a conclusory assertion. Moreover, we fail to see how this contention, even if true, could be a defense to this action. Since defendant failed to present evidentiary facts sufficient to raise a triable issue, plaintiff's motion for summary judgment should have been granted. Because plaintiff's papers in support of such motion do not address defendant's counterclaims, summary judgment should be granted only on the complaint. Order modified, on the law, by granting plaintiff's motion for summary judgment on the complaint, and, as so modified, affirmed with costs to plaintiff. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.