■ SRW ASSOCIATES, Respondent-Appellant, v TOWN BOARD OF THE TOWN OF BROOKHAVEN et al., Appellants-Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Brookhaven, dated October 16, 1984, which, after a hearing, denied the petitioner's application for a zoning modification pursuant to Town Law § 281, (1) the Town Board and the Planning Board of the Town of Brookhaven appeal from a judgment of the Supreme Court, Suffolk County (Di Paola, J.), dated May 13, 1985, which denied their motion to dismiss the petition and granted the petition to the extent that the denial of the petitioner's application for cluster zoning was declared to be null and void, and (2) the petitioner SRW Associates (hereinafter SRW) cross-appeals from so much of the same judgment as, by implication, denied that branch of its petition which sought compensation for the alleged temporary appropriation of its property.

Judgment modified, on the law, by deleting the second decretal paragraph thereof, and substituting a provision therefor converting the proceeding into an action for a declaratory judgment with the petition deemed the complaint. As so modified, judgment affirmed, without costs or disbursements,

and matter remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith. The appellants-respondents' time to serve their answer is extended until 20 days after service upon them of a copy of the order to be entered hereon, with notice of entry.

At the outset, we note that what SRW essentially seeks in this CPLR article 78 proceeding is declaratory relief. Therefore, we have converted the proceeding to a declaratory judgment action pursuant to the authority provided by CPLR 103 (c) *(see, Matter of Lincoln Ave. Assoc. v Town of Islip,* 96 AD2d 946). Accordingly, we treat the appellants-respondents' motion to dismiss based upon an objection in point of law as a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Turning to the merits, Special Term properly denied the town's motion to dismiss the petition, which was based in part on the contention that SRW had failed to exhaust its administrative remedies. There were no administrative remedies to exhaust—SRW had the right to seek to overturn the Town Board's determination as in excess of its jurisdiction, and the complaint states a cause of action for such relief. Under Town Law § 281, a town board may, by resolution, authorize a planning board, when approving a plat pursuant to Town Law article 16, "to modify applicable provisions of the zoning ordinance, subject to the conditions hereinafter set forth and such other reasonable conditions as the town board may in its discretion add thereto". Once a town board chooses to so authorize its planning board pursuant to Town Law § 281, it may not reduce the role of the planning board to that of an advisory body by reserving in itself the right to review the planning board's determination and to approve, approve with modification, or deny an application for cluster zoning *(see, Matter of Woodhull Assoc. v Board of Trustees,* 63 AD2d 677; *Orrell v Planning Bd. of Town of Pound Ridge,* 66 Misc 2d 843).

Nevertheless, Special Term should not have deprived the appellants-respondents the opportunity to submit an answer before granting judgment to the petitioner *(see,* CPLR 7804 [f]; 3211 [f]; *Matter of Rubin v Board of Educ.,* 71 AD2d 606). The matter is therefore remitted to the Supreme Court, Suffolk County, to give them the opportunity the CPLR mandates.

In light of our disposition, it is unnecessary to reach the issue raised by SRW on its cross appeal. Lazer, J. P., Bracken, Weinstein and Eiber, JJ., concur.