■ IRVING J. LITWAK et al., Respondents, v CROWN BEVERAGES CORP. et al., Appellants.—In an action to recover on promissory notes, the defendants appeal from (1) a decision of the Supreme Court, Nassau County (Robbins, J.), dated August 4, 1986, which granted the plaintiffs' motion for summary judgment in lieu of complaint, and (2) a judgment of the same court, dated September 15, 1986, which is in favor of the plaintiffs and against them in the principal amount of $120,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision, and it is further,

Ordered that the judgment is reversed, on the law, and the motion is denied; and it is further,

Ordered that the defendants are awarded one bill of costs. The plaintiffs' time to serve a complaint is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry, and the defendants shall serve their answer within 20 days after service of the complaint.

The defendants' claim of alteration of the subject promissory notes is a viable defense to the plaintiffs' claim *(see,* UCC 3-407; *Himan v King Bear Auto Serv. Centers,* 62 AD2d 1010; *Trophy Prods. v Smith,* 41 AD2d 817). The affidavits in opposition to the motion for summary judgment in lieu of complaint raised a factual issue which the court determined in the plaintiffs' favor after an examination of the original notes. The province of a court on a motion for summary judgment is issue finding rather than issue determination. Here, the factual question raised by the affidavits submitted by the defendants could only be determined at a trial *(see, Christie's [Intl.] v Gugliarda,* 65 AD2d 714, *mod* 67 AD2d 854). The court should, accordingly, have denied the plaintiffs' motion for summary judgment in lieu of complaint. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.