■ NANCINA WHITE, Individually and as Parent of KWAME WHITE, Also Known as KWAME TATUM, and Another, Infants, Appellant, v ALBANY MEDICAL CENTER HOSPITAL et al., Respondents.—Harvey, J. Appeal from that part of an order of the Supreme Court (McDermott, J.), entered August 18, 1988 in Albany County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the amended complaint.

This tort action arises out of a bizarre series of events occurring at defendant Albany Medical Center Hospital on April 9, 1986. Plaintiff brought two of her children into the emergency room of the hospital because the younger of the two boys was ill. Although the parties dispute almost everything that occurred after that, it appears that the boy received some medical attention and when plaintiff attempted to leave the hospital with her children before treatment was completed, she was not able to do so because of some act or acts by hospital personnel.

Plaintiff commenced two actions which were eventually consolidated against the hospital, a nurse and one of the hospital security guards alleging, *inter alia,* false imprisonment and slander. All defendants moved for summary judgment and plaintiff cross-moved for partial summary judgment on the false imprisonment claim. Supreme Court granted defendants' motions for summary judgment and denied plaintiff's cross motion. Plaintiff appeals.

"[S]ummary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue" *(Moskowitz v Garlock,* 23 AD2d 943, 944; *see, State Bank v McAuliffe,* 97 AD2d 607). Accordingly, the focus of the court must be on issue identification rather than issue determination *(see, Cunningham v General Elec. Credit Corp.,* 96 AD2d 502).

Apparently, some disagreement started when plaintiff was asked information concerning the sick child and plaintiff's relationship toward the child. Beyond that, however, we are unable to ascertain any uncontested fact. The record and briefs contain accusations and cross accusations as to practically every event that happened. Without making a factual determination as to precisely why the police were called, it is evident that the police did come to the scene and sometime thereafter plaintiff and her two children departed.

It is the contention of plaintiff that she and her children were falsely imprisoned because the hospital personnel accused her of kidnapping her own children. Defendants contend that their conduct was justified because the ill child had been given medication which required one hour's observation. They also contend that plaintiff violated Penal Law §§ 240.20 and 240.25 by being disorderly and harassing hospital personnel.

In our view, Supreme Court inappropriately granted defendants' motion for summary judgment as to plaintiff's cause of action for false imprisonment since questions of fact exist. In order to establish a cause of action for false imprisonment or false arrest, it is necessary for the plaintiff to show that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" *(Broughton v State of New York,* 37 NY2d 451, 456, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *see, Gonzalez v State of New York,* 110 AD2d 810). Supreme Court found, as a matter of law, that plaintiff's confinement by defendants was privileged based on probable cause as legal justification.

We cannot agree with this finding. Cases which discuss whether a defendant's legal justification is based on probable cause for confinement are those concerning police officers and arrest warrants. They include *Broughton v State of New York (supra)*, the case relied upon by both Supreme Court and defendants *(see, Lawrence v Police Dept.,* 81 AD2d 1006, *affd* 55 NY2d 737; 59 NY Jur 2d, False Imprisonment, §§ 33, 34, at 295-296). In New York, a private citizen who makes an arrest does so at his peril; if the person arrested did not in fact commit the crime for which he is arrested, the person who arrests him is liable even if he acts in good faith or has probable cause to make an arrest *(Scanlon v Flynn,* 465 F Supp 32, 38; *see,* CPL 140.25, 140.30; 59 NY Jur 2d, False Imprisonment, § 38, at 302-303).

The case must go through a fact-finding process because issues of fact exist. The reason for detention must be determined. In the same manner, the fact finders must make a determination as to whether the alleged slanderous remarks were privileged or occasioned by malice.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendants' motions dismissing the first and third causes of action; motions denied regarding said causes of actions; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Mercure and Harvey, JJ., concur.