■ STEWART TITLE INSURANCE COMPANY, INC., Respondent, v EQUITABLE LAND SERVICES, INC., Appellant, et al., Defendants. [616 NYS2d 650] —In an action, *inter alia,* to recover damages for negligence, the defendant Equitable Land Services, Inc., appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 3, 1992, which granted the plaintiff's motion for summary judgment against it.

Ordered that the order is affirmed, with costs.

This is an action by the plaintiff Stewart Title Insurance Company, Inc. (hereinafter Stewart), against, among others, its agent, Equitable Land Services, Inc. (hereinafter Equitable). Equitable was to perform title searches and to issue title reports, on the strength of which Stewart would issue title insurance policies.

Equitable raised an objection in a title report it prepared that reflected that a judgment lien existed against the premises. At closing, the exception was marked "omit" on the grounds that a release of lien was obtained, thereby obligating Stewart to insure against collection of the judgment. The release, however, was not effective against the insured premises because the description of the property was omitted from the release. After title passed to the buyer, the judgment creditor brought a foreclosure action on the property and acquired a judgment in the sum of $120,000.

Pursuant to the title policy issued, Stewart satisfied the judgment. It then commenced the instant action against Equitable and moved for summary judgment.

It is well established that a party moving for summary judgment must make a prima facie showing of entitlement as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Of course, summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue *(State Bank v McAuliffe,* 97 AD2d 607), but once a prima facie showing has been made, the burden shifts to the party opposing the motion

for summary judgment to produce evidentiary proof in admissible form sufficient to establish material issues of fact which require a trial of the action *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York, supra,* at 562).

Applying these principles to the present case, we find that Stewart has sufficiently demonstrated that it is entitled to judgment as a matter of law. In support of its motion for summary judgment, Stewart presented evidence that the Supreme Court, Westchester County, in a prior related action found that Equitable's actions were "counter-intuitive", violative of General Obligations Law § 5-703 (1) and totally contradictory to the presumption of regularity of filed documents. Additionally, Equitable's in-house counsel in her affirmation in opposition to the motion for summary judgment stated against her interest that "[a]t the time of the closing of the mortgage [she] was unaware of the fact that the description [of the property] was not typed on the release of judgment * * * [however] she thought that it had been". The combination of Stewart's prima facie showing of entitlement as a matter of law, Equitable's failure to produce evidence that would establish material issues of fact, and Equitable's admission that it made a mistake as to the form of the release provided a sufficient basis to grant summary judgment to Stewart. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.