OPINION OF THE COURT
Emily Pines, J.
Plaintiff, Liberty Meadows, LLC, moves by notice of motion (motion sequence No. 001) for an order pursuant to CPLR 3212 granting plaintiff judgment declaring that section 220-44 of the Code of the Village of Port Jefferson (Code) is void and invalid, and in derogation of state law. Defendant, Village of Port Jefferson, opposes the motion on the grounds: (1) that the action is barred by the statute of limitations since a form of the Code has been in effect since 1972, and (2) that the Code provision was enacted in accordance with the authority set forth in the Village Law.
The gravamen of plaintiffs complaint is as follows. Local Law No. 6 (2007) of the Village of Port Jefferson, filed with the Secretary of State on November 30, 2007, grants to the Village Planning Board, in Code § 220-39, the authority to approve cluster subdivisions on residentially zoned areas of two acres or more. Section 220-44 of the Code, contained within the same local law, states in relevant part that “[a]ny application which is approved by the Planning Board hereunder shall be subject to final approval or rejection by the Board of Trustees, which approval shall take the form of a resolution adopted at a regular business meeting of the Trustees.” Under Village Law § 7-738 (2), a village board of trustees is empowered to authorize its planning board by local law to approve cluster developments subject, inter alia, to the conditions set forth in such local law. Plaintiff contends that once the Board of Trustees enacts a law *1162 delegating such authority to its Planning Board, it is inconsistent with the intent of the state law to retain for itself the condition that all such approvals be subject to its imprimatur.
Defendant argues that it enacted Local Law No. 2 (1975) of the Village of Port Jefferson, which in essence codified the transfer to the Planning Board of the right to approve cluster developments. That local law, codified as former section 67-35, granted the Planning Board the right to approve cluster developments on tracts of land of five acres or more and was also subject, in former section 67-42, to the final approval of the Village Board of Trustees. Thus, defendant asserts that the declaratory judgment action is barred by the six-year statute of limitations. Defendant also opines that to the extent that the Appellate Division, Second Department, has held that Village Law § 7-738 does not permit such a conditional delegation of authority, such decision was made prior to an amendment of the state statute. In 1972, defendant asserts, Village Law § 7-738 (2) authorized a village planning board to make various changes in zoning regulations subject to conditions set forth in the statute and subject to “such other reasonable conditions as the board of trustees may in its discretion add thereto.” In 1995, the subject state statute was amended to permit a village board of trustees to authorize a planning board to approve a cluster development by local law “subject to the conditions set forth in this section and in such local law.” (Village Law § 7-738 [2] [a].) Thus, defendant argues that the change in the state law delegated greater powers to the Village Board than those in effect at the last time the Appellate Division, Second Department, viewed this issue. Finally, defendant asserts that Village Law § 4-412 grants the Village Board of Trustees broad powers to delegate to other boards so much of its powers as it deems necessary. According to defendant, this allows the Village Board to condition its grant of authority to its Planning Board subject to its ultimate approval.
A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material fact. (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980].) Once such showing has been made, the burden shifts to the party opposing the motion to produce proof in admissible form to establish material issues of fact which require a trial. (State Bank of Albany v McAuliffe, 97 AD2d 607 [3d Dept 1983].)
*1163 A lawsuit which seeks to declare void a municipal enactment is properly brought as a declaratory judgment action and is subject to a six-year statute of limitations. (CPLR 3001; East Suffolk Dev. Corp. v Town Bd. of Town of Riverhead, 59 AD3d 661 [2d Dept 2009]; SRW Assoc. v Town Bd. of Town of Brookhaven, 121 AD2d 713 [2d Dept 1986].) There is no dispute that Local Law No. 6 (2007) was filed with the Secretary of State in November 2007, well within the statutory period. Although defendant argues that the amendment was ministerial, a review of the two local laws demonstrates that substantive changes were, in fact, made to the Planning Board’s authority and that the enactment was a new statute. Accordingly, the defendant’s statute of limitations argument is rejected.
In Matter of Woodhull Assoc. v Board of Trustees of Inc. Vil. of Northport (63 AD2d 677 [2d Dept 1978]), the Appellate Division, Second Department, considered a mandatory injunction sought by a property owner, against a village board of trustees, which had reserved the right to approve its planning board’s final approval of a subdivision map. Based on Village Law § 7-738, that village had enacted a resolution granting its planning board the right to modify zoning regulations on certain hilly lands but reserved for itself the right to review and approve any final subdivision approval rendered by its planning board. In response to the property owner’s CPLR article 78 proceeding, the village counterclaimed for declaratory relief that its ordinance was valid and binding. The appellate court, interpreting Village Law § 7-738, stated that nothing in that statute permitted the village board of trustees to condition such delegation on its later approval. The Court went on to opine that village board approval of a delegated power is not one of the conditions enumerated in the state law and further held, “[n]or is such a condition a reasonable one” (63 AD2d at 678). Having delegated such authority and required the property owner to go through a multi-year process, culminating in having final planning board approval, such a requirement would, in essence, render the entire effort meaningless according to the Second Department, because the petitioner would be required to start the process over again before an entirely new body. As the Court stated: “The board of trustees should not be permitted to accomplish indirectly what they cannot accomplish directly” (63 AD2d at 679).
The changes that have occurred in Village Law § 7-738 since that decision do not give this court the authority to direct a different outcome. As previously enacted, that state law stated that the Board of Trustees could delegate certain zoning author *1164 ity to its Planning Board subject both to conditions within the statute and subject to those the Board of Trustees may in its discretion add. In 1995, the Village Board of Trustees was still empowered to delegate certain powers to its Planning Board, and the delegation was still subject to the conditions set forth in the state law. The only substantive change was that instead of the Village Board being empowered to make such delegation subject to conditions in its discretion such discretionary conditions now must be set forth in the form of a local law delegating the authority. Nowhere in that change did the State Legislature grant the Village Board of Trustees the authority to delegate authority based on a condition that is “unreasonable.” If the Court found such condition unreasonable in 1978 because it was essentially inconsistent with a delegation of authority and merely made the Planning Board an advisory agency to the Board of Trustees, then such condition remains unreasonable today unless and until the Appellate Division, Second Department, holds otherwise. The court likewise rejects defendant’s argument that the Second Department failed to mention Village Law § 4-412 in that decision. That statute, which permits the Village Board to delegate such of its powers as it deems necessary, was in effect at the time of the Woodhull decision, when the Second Department ruled that the delegation subject to the condition of ultimate approval by the Village Board was unreasonable and inconsistent with the purpose of the delegation authority. With regard to defendant’s attempt to distinguish the case of SRW Assoc. v Town Bd. of Town of Brookhaven (121 AD2d 713 [1986]), the Court actually cites to Woodhull when it states that “[o]nce a town board chooses to . . . authorize its planning board ... it may not reduce the role of the planning board to that of an advisory body by reserving in itself the right to review the planning board’s determination.” (121 AD2d at 714.) Clearly, the Court was aware, in citing Woodhull for the stated purpose, of the differences between towns and villages. For this proposition, i.e., a delegation that is not really a delegation, the differences are irrelevant.
Based on the above, the plaintiff has set forth a prima facie basis for summary judgment declaring that Local Law No. 6 (2007), to the extent that it conditions the Planning Board’s authority on further approval by the Village Board of Trustees, is void.