## PEET *a.* COWENHOVEN.

*Supreme Court, First District ; At Chambers, December,* 1861.

VARYING WRITTEN AGREEMENT BY PAROL EVIDENCE.—FORMER ADJUDICATION. — LIEN OF JUDGMENT. — ENTRY OF ORDER.— MISTAKE IN AMOUNT DUE ON EXECUTION.

The court will not on motion allow parol evidence to enlarge the operation of a written agreement between the parties to an action, so as to discharge the lien of a judgment upon real estate belonging to the person against whom the judgment was recovered.

An omission to enter an order does not give the right to agitate the same question by a fresh motion. The unsuccessful party can enter the order when he desires to appeal, if the prevailing party omits to do so.

Where a plaintiff had two judgments against the same defendant, upon each of which execution had been issued, and the court, after hearing the parties, had decided that the sum realized under the execution was properly applicable to one of the judgments,—*Held,* that such order was conclusive upon the parties unless reversed on appeal.

Where an execution against property omitted to give the judgment-debtor credit for a payment which had been previously made upon the judgment, and real

property was sold under the execution, but for a sum less than the amount actually due upon the judgment,—*Held,* that the execution was not void by reason of the omission, and that the purchaser's rights under the sale were not to be disturbed.

Motion to set aside a sale of real estate on execution; on two grounds: first, that the plaintiff had released it from the lien of the judgment; second, that the execution stated the amount due on the judgment incorrectly.

The instrument claimed as a release stated, that in consideration of one dollar, the plaintiff agreed that the receivership obtained at his instance in this suit should not in any manner interfere with the premises conveyed, or to be conveyed, to the defendant by the sheriff of Kings county, in a foreclosure-suit wherein one Van Nest was plaintiff, provided such conveyance should be made. It was dated Nov. 10, 1858.

The property in question was bid in by the defendant in 1855, at a sale in foreclosure. Subsequently, the judgment in this suit was obtained, supplementary proceedings under it instituted, and a receiver appointed. The sale had not been closed, but the mortgagee, Van Nest, had agreed to allow the balance of the purchase-money to be secured by a mortgage. When he learned of the judgment in this suit, he refused to carry out this arrangement unless a release was obtained. On the part of the defendant it was testified that the paper already referred to was given and received as such a release, and in pursuance of an agreement to give such a release. The plaintiff denied this, but admitted its execution and delivery, and testified that it was executed to enable the defendant to give title to the lots. It was proved that the defendant there received the conveyance in the foreclosure-suit, and the property conveyed was sold under execution on the judgment in this suit. This motion was made to set that sale aside.

The amount stated in the execution to be due on the judgment was admitted to be $100 too large. The property sold consisted of several lots, and was sold for $400. The defendant claimed that less than this was due. This depended on the question whether a sum realized on a prior sale of other property should be applied on the judgment in this suit.

The plaintiff owned three judgments against the defendant.

One was satisfied, the senior one was paid in part, the junior one was in this suit. The prior sale was under two executions, one on the satisfied, the other on the junior judgment. The defendant, in 1860, made a motion before Mr. Justice Scrugham, in Kings county, to set aside this sale, and the plaintiff moved to amend by substituting the senior judgment for that which was satisfied in the execution; on the argument of that motion, the plaintiff took the ground that the sale was under the junior judgment, and therefore valid. The motion to amend was granted on terms. The plaintiff refused to enter the order or accept the terms, but after this motion was made entered the order, complied with its terms except as to paying costs, and notified the defendant that he gave him credit for these on the judgment. This order applied the proceeds of the prior sale on the senior judgment.

*Everett P. Wheeler*, for the motion.—I. The instrument in question, being intended and delivered as a release, in pursuance of an agreement made for a valuable consideration to give a release, and the defendant having performed his part of the agreement, is binding on the plaintiff as a release. (1 *Story Eq.*, § 649; Atwood *a.* Vincent, 17 *Conn.*, 575; Whitehead *a.* Brown, 18 *Ala.*, 682; Craig *a.* Leslie, 3 *Wheat.*, 563, 576.)

II. The instrument in question is sufficient on its face to protect the land. The order appointing the receiver vested him with the defendant's interest in his bid at the sale under foreclosure. (Porter *a.* Williams, 9 *N. Y.*, 142.) The judgment was no lien on this. (1 *Rev. Stat.*, 744, §§ 4–6; Sage *a.* Cartwright, 9 *N. Y.*, 49; Griffin *a.* Spencer, 6 *Hill*, 525.) And the change in the character of the defendant's interest from an equitable to a legal form did not devest the receiver's title. If the debtor manufactured wheat into bread, it would not devest the receiver's title.

III. If the amount due on a judgment is incorrectly stated in the judgment, it makes the sale and execution voidable on motion. (*Grah. Pr.*, 357; Green *a.* Beals, 2 *Cai.*, 254.) If the amount realized on the prior sale is applied on the judgment in this suit, the sale is clearly erroneous, for a parcel consisting of several lots was sold in a body for more than was due. The sale should have been in lots. (2 *Rev. Stat.*, 369, § 38; 617,

Peet *a.* Cowenhoven.

§ 37, 4 ed.) The plaintiff originally claimed that the prior sale was made under this judgment, and refused to accept the terms of an order allowing him to amend so as to apply it differently. Having thus induced the defendant to make this motion, he is estopped from denying that the sale was made under this judgment, or to claim the benefit of the order of SCRUGHAM, J. (Walrath *a.* Redfield, 18 *N. Y.*, 457, 461; Dezell *a.* Odell, 3 *Hill*, 215, 219, 221; 4 *Kent*, 261.)

*Charles A. Nichols*, opposed.—I. The petitioner substantially sets up a parol agreement to release property from a judgment, introducing, in evidence of this agreement, a writing which discloses a very different agreement:—an agreement that the receivership should not prevent a transfer of property to defendant is said to have been given in pursuance of an agreement to release his property from the judgment. Upon the face of the moving papers it appears that the existence of such a verbal agreement is improbable, and that if it existed it could not be enforced, and has no legal validity. The object desired by the defendant, which was equally desirable to plaintiff, did not require a release from the judgment. The agreement alleged is void, being without consideration. It is void, being an agreement relating to real estate and not in writing.

II. The written evidence of the agreement is free from ambiguity, explicit, and entirely consistent with the purpose for which it was requested, and reasonable. As such it cannot be contradicted or explained by any parol evidence.

III. The petitioner is not in a position to ask this thing of the court. The party swearing to the petition furnishes in his own affidavit contradiction of his sworn statement that the sale was a fraud on the rights of the petitioner, and that he bought on the faith of plaintiff's agreement to release. " A person has no right to apply to the court to set aside an execution for irregularity, so far as it affects his rights in a suit to which he is not a party." (Pierce *a.* Alsop, 3 *Barb. Ch.*, 184.) As to the alleged irregularity in not stating in the execution the exact amount due, there is no evidence of any misstatement. If there were, it would not affect the sale. (Peck *a.* Tiffany, 2 *N. Y.*, 451.)

IV. As to the other branch of the motion, it is founded upon an erroneous statement of facts. There was a valid judgment

and sale thereon in the case of The Rutgers Fire Ins. Co. a. Cow-enhoven. The execution stated the wrong amount. It was amended by order of the court, and the proceeds of sale applied to the actual judgment. This order was absolute, and was not conditional, and disposes of the proceeds of the sale in that case. They cannot be again and otherwise applied. This order might be entered up by either party at any time.

LEONARD, J.—The written agreement of Nov. 10, 1858, can-not be enlarged or altered in its operation, by evidence of other prior oral agreements, in consummation of which the written agreement is alleged to be erroneously or defectively executed.

I do not mean to express any doubt that the written agree-ment is in exact conformity with the intention of the parties, and was the final result of their previous arrangements, as might be supposed, perhaps, from the strict technical rule above stated.

The bid referred to in the writing passed to the receiver when he was appointed; any interference with it by the defendant, by assignment or otherwise, or perhaps even by taking title, would have involved a contempt. The written agreement saved the defendant from such a result; and this object, with the right to sell and convey, without complaint on the part of the receiver, subject however to the lien of the judgment, was all the object designed to be attained by the parties, so far as it appears from the writing. Van Nest could have had no interest in the ques-tion, his mortgage being for consideration-money, unless indeed he knew of the receivership; and in that case the stipulation would be a protection to him, as he would be in danger of in-curring the penalty of a contempt of court by dealing with the defendant in respect to the deposit made on the purchase of the property, or by making a conveyance to the defendant, when the receiver was entitled to it on fulfilling the terms of the de-fendant's bid. So that it is quite manifest that the stipulation, as signed by the plaintiff or his attorney, and accepted by the defendant or his agent, has a significance and value to the de-fendant and to Mr. Van Nest, and is limited in its effect pre-cisely where the interest of the plaintiff would appear to require him, with due prudence, to intend the limit of its operation.

However the fact may be, it is wholly inadmissible, on prin-ciple, to alter the effect of a written agreement, to the extent

Peet *a.* Cowenhoven.

demanded here, on motion. Stipulations, affecting questions of mere practice, are sometimes vacated on motion; but no case can be found which is a precedent for so far enlarging the operation of a written agreement, on motion, as to discharge the lien of a judgment upon real estate belonging to the person against whom the judgment was recovered.

Another question embraced in the motion here, is disposed of by the order of this court in the second district, made on the 12th of March, 1860. The proceeds of the sale of the Front-street premises were there specifically applied to a different judgment from that in the action here entitled.

That application of the proceeds cannot be disturbed in another motion. Even if the decision there were wrong, it can be altered only on an appeal from that order. The omission to enter the order does not give the right again to agitate the question by a fresh motion. The defeated party can enter the order, where he desires to appeal, if the prevailing party omits to do so.

The sum of $100 had been paid on the judgment in this action in 1858 or before, but the plaintiff, in issuing the execution whereon the premises in Brooklyn were recently sold, omitted to give credit for it, and directed the sheriff to collect the whole amount of the judgment.

The sheriff of Kings county made $400 by a sale of real estate, and returned the execution unsatisfied as to the residue. A sum, exceeding the sum of $100 in 1858, and the $400 realized by the sheriff as aforesaid, was due on the judgment at the time of the sale.

No harm was done to the defendant by reason of the omission to deduct the payment of $100 from the amount directed to be collected on the execution.

There is no irregularity to be corrected in order to save any rights to the defendant, of which he would otherwise be deprived.

The execution is not void by reason of the omission. The purchaser's rights are not to be disturbed. The omission can be now amended if necessary by entering an order to indorse the proper direction on the execution, "*nunc pro tunc.*" But I do not think it necessary, as a sum still remains to be collected after deducting the payment and collection above mentioned.

The motion is denied, with $10 costs of opposing, to be paid by the moving parties.