MARY GEBHARD KRON, Respondent, v. ASSOCIATED GAS AND ELECTRIC COMPANY, Appellant.— Appeal dismissed, without costs, upon stipulation. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

MATHILDA WITTWER, as Executrix, etc., of GOTTFRIED WITTWER, Deceased, Respondent, v. FRANK E. GOLDSTEIN and Another, Appellants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Present — Sears, P. J., Taylor, Thompson and Crosby, JJ.

In the Matter of the Application of CARL HARVEY for a Peremptory Order of Mandamus against THOMAS E. BRODERICK and Others.— Motion for stay pending application to the Court of Appeals for leave to appeal to that court denied upon the ground that the Court of Appeals is without power to grant such leave. Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

In the Matter of the Application of DONALD CAREY for a Peremptory Mandamus Order against JOSEPH W. MOORE and Others, Constituting the New York State Division of Parole, Commanding Said Board to Forthwith Issue an Order Directing the Restoration of Petitioner's Earned Compensation Time. —Application denied. Per Curiam. There are three reasons why we cannot and do not pass upon the question sought to be raised by the petitioner on this motion. (1) From the moving papers it appears that a motion for the same relief was made at Special Term and that the motion was denied. Under these circumstances petitioner's relief is by appeal rather than by a mandamus order. If the formal order has not been entered, so as to permit an appeal to be taken, petitioner has his remedy. If a party entitled to enter an order fails to do so promptly after the decision has been made, any interested party may have it drawn and entered. (*Matter of Rhinebeck & Conn. R. R. Co.*, 8 Hun, 34.) The omission to enter an order does not give the right to again agitate the question by a second motion. (*Peet v. Cowenhoven*, 14 Abb. Pr. 56.) (2) This motion is made to this court in the first instance. Except where special provision is otherwise made in the Civil Practice Act, a mandamus order can be granted only at Special Term. (Civ. Prac. Act, § 1317.) The Appellate Division is given authority to grant such an order only when it is directed generally against any judge holding or to hold a Special Term of the same court, or directed against one or more judges of the same court named therein, in any case where such order may be issued out of the Supreme Court against any other court, or a judge thereof. (Civ. Prac. Act, § 1318.) Here it is sought to mandamus the Board of Parole. (3) It does not appear that notice has been given the Board of Parole. Previous notice of the application for a mandamus order, whether alternative or peremptory, must be given to the Board from which relief is sought. (Civ. Prac. Act, §§ 1315, 1319.)