■ PAUL A. CARDONE, Respondent, v. ROGERS & HAGGERTY, INC., Appellant, et al., Defendants.— In an action to foreclose a mechanic's lien, defendant Rogers & Haggerty, Inc., appeals: (1) from an order of the Supreme Court, Nassau County, entered February 8, 1963, which denied its motion to open its default in answering the complaint, and for other relief; and (2) from an order of said court, entered October 9, 1963, which denied its motion for leave to renew on additional papers. Appeal from order of February 8, 1963 dismissed as academic; that order was superseded by the later order denying renewal. Order of October 9, 1963 reversed, without costs; and renewed motion of defendant Rogers & Haggerty, Inc., to open its default and for leave to serve an amended answer granted on condition that all the counterclaims for affirmative relief now sought to be interposed by said defendant shall be omitted from the amended answer. The amended answer, without counterclaims, shall be served within 30 days after entry of the order hereon. We believe that, under all the circumstances, it was an improvident exercise of discretion to refuse to open the default of said defendant and to deny permission to serve an amended answer. We also believe, however, that at this late date this defendant should not be allowed to assert any counterclaims and seek to obtain affirmative relief against plaintiff in this action. The existing mechanic's lien, although bonded, will remain as security to protect plaintiff against subsequent lienors and to facilitate its collection of any money judgment which it may obtain in this action. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ LAWRENCE CARTER, Appellant, v. CASTLE ELECTRIC CONTRACTING CO. et al., Respondents.— In an action to recover damages for injury to person and property, the plaintiff appeals from an alleged order of the Supreme Court, Nassau County, dated February 25, 1964, which granted the defendants' motion to dismiss the complaint, made at the close of the plaintiff's case during a jury trial. Appeal dismissed, without costs. The alleged order appealed from is no more than an entry in the Clerk's minutes stating that the defendants' motion to dismiss the complaint was granted. Such an entry, which was neither signed nor initialed by the Judge, is not an order which may be the subject of an appeal (CPLR 2219; cf. *Gerity* v. *Seeger & Guernsey Co.*, 163 N. Y. 119; cf. former rule III of the General Rules of Practice as it read prior to its amendment, effective Sept. 1, 1910, and section 767 of the former Code of Civil Procedure with CPLR 2219). No appeal lies from an entry in the Clerk's minutes despite the fact that it is denominated as an order (*Kinner* v. *Kuroczka*, 12 A D 2d 383, 386; *Arnold* v. *Yates*, 253 App. Div. 840). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.