■ HAROLD W. GOLDBERG, Respondent, v. EDWARD ORZAC, Appellant.— Order of the Supreme Court, Nassau County, dated July 3, 1967 and made after a nonjury trial, which *inter alia* directed rescission of the agreement of sale between the parties, and judgment of said court dated July 7, 1967 and entered in pursuance of said order, reversed, on the law and the facts, with one bill of costs, and complaint dismissed. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Appeal from the further order of said court dated July 3, 1967, which denied defendant's motion *inter alia* for a new trial, pursuant to CPLR 4404 (subd. [b]), dismissed, without costs, as academic. Appeal from opinions-decisions of said

court (dated April 28, 1967 and June 30, 1967) dismissed, without costs. No appeal lies from opinions and decisions. Plaintiff has been awarded rescission of a sale of common and preferred capital stock of a certain corporation, sold to him by defendant. Plaintiff's central claim is that defendant did not own the preferred stock, 37½ shares, and that plaintiff intended to purchase precisely the number of shares specified in the sale. The value of the stock is irrelevant and no proof was adduced thereon (see *Goldberg* v. *Orzac*, 23 A D 2d 696, decided by this court on March 29, 1965). The judgment in plaintiff's favor for return of the portion of the purchase price which was paid rests on a finding that a mistake was made, in that defendant did not own 37½ shares of the preferred stock. We find that the proofs are to the contrary and there was no mistake concerning how many shares of preferred stock were owned by defendant. He owned 37½ shares and he had stock certificates to prove it. Further, he had a certification of the corporation that he owned that number of shares. Most persuasive of all, the actual corporate records indisputably show defendant to be the record owner of 37½ preferred shares. To counteract this compelling array of documentary evidence, we are asked to reflect on the implications and meaning of an alleged corporate transaction whereby there was a reduction of $300,000 in the capitalization of the corporation, which purportedly would proportionately reduce defendant's preferred shares to 11½; the $300,000 of capital was somehow to be transferred to a partnership consisting of many of the same men who were the shareholders of the corporation. The over-all venture was a hospital, owned principally and operated exclusively by medical doctors. This reduction of capital transaction was allegedly effected so that the participating doctors could take advantage of a tax loss via the operating partnership. Defendant concededly took advanage of this tax loss device. The proofs show that the capital transaction was not accomplished in accordance with the Stock Corporation Law, but of greater significance, from our standpoint, is the fact that there was no demonstration that the $300,-000 reduction in capital was to produce simultaneously a proportionate decrease in the number of preferred shares outstanding. Even if we credit and accept the fact that the reduction in capital occurred — and this is proved by some partnership records, not corporate records — we may not indulge in the unproven fact that a reduction in the number of preferred shares was also accomplished. All the documentary and record evidence is to the contrary. In sum, we find that plaintiff received precisely what he bargained for and equity will not and cannot remake his bargain for him on the ground that it did not turn out the way he had hoped it would (cf. *First Nat. Stores* v. *Yellowstone Shopping Center*, 21 N Y 2d 630). Christ, Brennan and Martuscello, JJ., concur; Beldock, P. J., and Hopkins, J., concur in the dismissal of the appeals from the opinions-decisions, but otherwise dissent and vote to affirm the two orders dated July 3, 1967 and the judgment dated July 7, 1967.