■ ELEANOR HORNER et al., Appellants, v VILLAGE OF MAMARONECK, Respondent, et al., Defendants. (Action No. 1.) KATHRYN R. RYAN, Individually and as Executrix of EDWARD F. X. RYAN, Deceased, Appellant, v VILLAGE OF MAMARONECK, Respondent, et al., Defendant. (Action No. 2.)—In consolidated negligence actions to recover damages for personal injuries, etc., the appeals, as limited by appellants' briefs, are from (1) so much of a judgment of the Supreme Court, Westchester County, entered May 16, 1973, as (a) is in favor of plaintiffs in Action No. 1 and (b) is in favor of plaintiff Kathryn R. Ryan in her individual capacity and (2) a decision (mislabeled as an order in both notices of appeal) of the same court, dated April 9, 1973, which denied their motions to set aside the jury verdicts on grounds including inadequacy. Appeal from decision dismissed. A decision is not appealable *(Goldberg v Orzac,* 30 AD2d 697, affd 23 NY2d 919). Judgment reversed insofar as appealed from, on the law, and as to plaintiff Eleanor Horner against respondent village, and plaintiff Kathryn R. Ryan, individually, against respondent village, actions severed and new trial granted upon the issue of damages only, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, said respondent shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdicts in favor of plaintiff Eleanor Horner to $7,500 and in favor of plaintiff Kathryn R. Ryan, individually, to $5,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs. This court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. In our opinion, the verdicts were inadequate to the extent indicated herein. We have considered the other claims made on these appeals, including appellant Ryan's claim of legal error, and find them to be without merit. Martuscello, Acting P. J., Latham, Cohalan and Munder, JJ., concur.

■ In the Matter of BEDFORD PARK AT WESTCHESTER, Respondent, v ASSESSOR OF THE TOWN OF BEDFORD, Appellant.—The respective attorneys for the parties to this proceeding have, on this appeal from an order of the Supreme Court, Westchester County, dated December 13, 1974, entered into a written stipulation, dated March 12, 1975, at a conference in this court on that date, that the order be modified in the certain manner set forth in the stipulation, and the attorney for appellant has sent a letter to this court, dated March 21, 1975, stating that the Town Board of the Town of Bedford has ratified the stipulation. In accordance with the stipulation, the order is modified as follows, and as so modified affirmed, without costs: (1) The assessment for the year 1973 is increased from $628,160 to $650,000; (2) the assessment for the year 1974 is reduced from $2,400,000 to $1,950,000; and (3) the assessment for the year 1975 shall be $1,900,000. Gulotta, P. J., Rabin, Hopkins, Martuscello and Benjamin, JJ., concur.

■ In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v DIANA RAFTER et al., Respondents.—Order of the Supreme Court, Queens County, entered October 17, 1974, affirmed, with $20 costs and disbursements *(Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182). Gulotta, P. J., Rabin, Hopkins, Martuscello and Shapiro, JJ., concur.