■ In the Matter of BETTY O. MUKA, Petitioner, v FREDERICK B. BRYANT, as Justice of the Supreme Court, Respondent.—Proceeding pursuant to CPLR article 78 (brought on in the Appellate Division of the Supreme Court in the Third Judicial Department [CPLR 506, subd (b), par 1]) to compel a Justice of the Supreme Court to issue written decisions and orders determining petitioner's motions for (1) "Vacateur *[sic]* of excuse of default", (2) for leave to serve an amended and supplemental complaint and (3) to compel respondent to disqualify himself pursuant to section 14 of the Judiciary Law in an action pending in the Supreme Court, Tompkins County, entitled Betty O. Muka v County of Tompkins and District Attorney of Tompkins County, Joseph Joch. The record shows that respondent first granted petitioner's motion to reargue her motion to take a default judgment against the County of Tompkins and District Attorney Joseph Joch, and on reargument denied her motion, i.e., her motion for "Vacateur *[sic]* of excuse of default". It is incumbent upon the parties to prepare and submit the formal order deciding a motion (2A Weinstein-Korn-Miller, NY Civ Prac, par 2219.02). The attorney for the successful party ordinarily prepares the formal order (Carmody-Forkosh, NY Prac, § 561). "If the formal order has not been entered, so as to permit an appeal to be taken, petitioner has his remedy. If a party entitled to enter an order fails to do so promptly after the decision has been made, any interested party may have it drawn and entered" *(Matter of Carey v Moore,* 244 App Div 763). The record shows respondent granted petitioner's motion to serve an amended and supplemental complaint in the underlying action. If petitioner desires a formal order

incorporating respondent's decision authorizing her to serve an amended and supplemental complaint, she should prepare the written order and submit it to respondent for signing. "The necessity of such an order does not impose an unreasonable burden; nor will it present any difficulty, since the Trial Judge will sign one as a matter of course if timely submitted." *(Le Glaire v New York Life Ins. Co.,* 5 AD2d 171, 172.) The petition fails to state facts sufficient to warrant or require respondent to disqualify himself pursuant to section 14 of the Judiciary Law. Respondent's reply affidavit also indicates he will reconsider petitioner's request to disqualify himself when and if an amended and supplemental complaint is served. Petition dismissed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.