OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Insofar as the petition seeks relief by way of prohibition, it is predicated on the concept that, by allowing over three years to elapse from petitioner’s guilty plea without sentencing her and then adjourning the motion for a further year, respondent lost jurisdiction of the matter. The first three years were at petitioner’s behest, however, and under the circumstances of this case the additional time does not constitute such an “extremely long and unreasonable” delay (People ex rel. Harty v Fay, 10 NY2d 374, 379) as to divest the court of its power to sentence.
Denial of mandamus relief was also proper. Mandamus will lie to compel the determination of a motion (Matter of Briggs v Lauman, 21 AD2d 734, mot for lv to app den 15 NY2d 481; see Matter of Legal Aid Soc. v Scheinman, 73 AD2d 411, 413, affd 53 NY2d 12; Matter of National Auto Weld v Clynes, 89 AD2d 689) as well as to compel a trial court to proceed with sentencing (CPL 380.30, subd 1; Matter of Hogan v Bohan, 305 NY 110; see People ex rel. Prosser v Martin, 306 NY 710). Here, however, sentencing has been delayed at petitioner’s request, and in view of the medical testimony that further treatment might improve *628 petitioner’s physical condition, we cannot say in this instance that it was an abuse of discretion for the Trial Judge to postpone disposition of the motion to dismiss pending receipt of a further medical report as to the success of such treatment.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), judgment affirmed, with costs, in a memorandum.