■ BANKERS TRUST COMPANY OF CALIFORNIA, N. A., Respondent, v MARY L. WARD, Defendant and Third-Party Plaintiff-

Appellant, et al., Defendants. TARHEEL FUNDING, INC., et al., Third-Party Defendants; JEFFREY E. TOMEI, Third-Party Defendant-Respondent. [703 NYS2d 504] —In an action to foreclose a mortgage, the defendant third-party plaintiff appeals (1) from a decision of the Supreme Court, Kings County (Barash, J.), dated August 31, 1998, (2), as limited by her brief, from so much of an order of the same court, dated November 23, 1998, as granted the plaintiff's motion for summary judgment and struck her answer, affirmative defense, and counterclaim, and (3) from a purported order of the same court, also dated November 23, 1998.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the purported order is dismissed, as the purported order is an unsigned paper dated November 23, 1998, which is not an appealable paper and the appellant has failed to submit a signed order; and it is further,

Ordered that the order dated November 23, 1998, is reversed insofar as appealed from, on the law, the motion is denied, and the appellant's answer, affirmative defense, and counterclaim are reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

Contrary to the conclusion of the Supreme Court, issues of fact exist which preclude an award of summary judgment to the plaintiff mortgagee (*see, Celardo v Bell,* 222 AD2d 547). Among other things, the appellant homeowner adduced evidence suggesting the existence of highly unusual circumstances involving the plaintiff's assignor, Delta Funding Corporation (hereinafter Delta). The appellant avers that more than one closing took place and that she was tendered documents which she signed in blank. The plaintiff denies any impropriety and alleges that there was a single closing on August 18, 1995. However, Delta's attorney, the third-party defendant Jeffrey E. Tomei, acknowledged that there were two closings, both of which were allegedly "rescinded", and that the second closing was "rescinded after it funded, at [the appellant's] request". The plaintiff has not explained the meaning of this statement, which is corroborated by a letter dated September 6, 1995, by a Delta loan officer, acquiescing in the appellant's request to place her "application" in its "inactive file" and suggesting that Delta could process the appellant's application in approximately two weeks should she desire. The plaintiff has failed to offer any evidence to explain how the appellant's loan application could have been inactivated *after* the loan proceeds were

disbursed. Rather, and consistent with the appellant's claims, this appears to have been an attempt by her to rescind the loan transaction after she allegedly received less money than she had been led to believe she would receive, and repayable at a higher rate of interest. Notably, the appellant attempted to return the $1,467.51 in net loan proceeds she allegedly received in August 1995, after Delta deducted assorted payoffs, fees, and charges, including an improper fee of $8,250 charged by the appellant's mortgage broker which was later refunded pursuant to an order of the New York State Banking Department.

Furthermore, an issue of fact exists as to whether the appellant was effectively advised of her rescissionary rights under the Federal Truth in Lending Act (15 USC 1601 *et seq.*; *see, Community Natl. Bank & Trust. Co. v McClammy,* 138 AD2d 339).

Until these issues are resolved, summary judgment is inappropriate. Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.