■ In the Matter of ANTHONY J. DECINTIO, Petitioner, v PETER Fox COHALAN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [795 NYS2d 459]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Peter Fox Cohalan, a Justice of the Supreme Court, Suffolk County, to determine the petitioner's motion to vacate a judgment of the same court entered June 26, 2003, upon his default in appearing at a conference, in an action entitled *Catania v DeCintio*, under Suffolk County index No. 13972/98.

Motion by the respondent Andrew J. Schatkin, inter alia, to dismiss the proceeding insofar as asserted against him as time-barred.

Ordered that the motion is denied; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the petitioner's motion.

"Mandamus will lie to compel the determination of a motion" (*Matter of Weinstein v Haft*, 60 NY2d 625, 627 [1983]; *see Matter of Greenfield*, 76 NY2d 293 [1990]; *Matter of Silk & Bunks v Greenfield*, 102 AD2d 734 [1984]; *see also* CPLR 2219 [a]). A judicial officer may be compelled to perform a ministerial duty prescribed by law, but not an act in respect to which he may exercise judgment or discretion (*see Klostermann v Cuomo*, 61 NY2d 525, 540 [1984]; *Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12 [1981]). "The writ of mandamus . . . may [therefore] . . . be addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner" (*Klostermann, supra* at 540, quoting *People ex rel. Francis v Common Council of City of Troy*, 78 NY 33, 39 [1879]).

Moreover, contrary to the respondents' contention, "where a duty imposed prior to a limitations period is a continuing one, the statute of limitations is not a defense to actions based on breaches of that duty occurring within the limitations period" (*Matter of Condo Units v New York State Div. of Hous. & Community Renewal*, 4 AD3d 424, 425 [2004]; *see Matter of Grossman v Rankin*, 43 NY2d 493, 506 [1977]; *Matter of Dearman v City of White Plains*, 237 AD2d 603 [1997]). "[W]here, as here, the practice complained of is a continuing one and is in violation of the New York State Constitution, the right to relief will not be barred by the four-month Statute of Limitations" (*Matter of Policemen's Benevolent Assn. of Vil. of Spring Val. v Goldin*, 266 AD2d 294 [1999]). Finally, under the circumstances, the delay in commencing the proceeding was not so extensive as to bar the proceeding by the doctrine of laches (*see Matter of Mutschler v Board of Educ.*, 177 AD2d 629, 630-631 [1991]). Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.