■ In the Matter of RUSSELL PITT, Petitioner, v JOHN P. WALSH et al., Respondents. [893 NYS2d 246]—

Adjudged that the petition is granted, on the law, without costs or disbursements, the matter is remitted to the Supreme Court, Kings County, to determine the petitioner's motion, and a written order determining the motion shall be made within 90 days after service upon John P. Walsh of a copy of this decision and judgment.

The writ of mandamus may be " 'addressed to subordinate

judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner' " (*Klostermann v Cuomo,* 61 NY2d 525, 540 [1984], quoting *People ex rel. Francis v Common Council of City of Troy,* 78 NY 33, 39 [1879]; *see Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh,* 26 AD3d 495, 496 [2006]; *Matter of DeCintio v Cohalan,* 18 AD3d 872 [2005]). Thus, although this Court may not dictate the outcome, "[m]andamus will lie to compel the determination of a motion" (*Matter of Weinstein v Haft,* 60 NY2d 625, 627 [1983]; *see Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh,* 26 AD3d at 495; *Matter of DeCintio v Cohalan,* 18 AD3d at 872; *Matter of Briggs v Lauman,* 21 AD2d 734 [1964]). A petition pursuant to CPLR article 78 in the nature of mandamus to compel may be granted where "there is a clear legal right to the relief sought" (*Matter of Legal Aid Socy. of Sullivan County v Scheinman,* 53 NY2d 12, 16 [1981]).

Contrary to the respondents' contention, there is no justification for delaying the determination of the petitioner's motion to dismiss the indictment on speedy trial grounds until such time as he is found to be fit to stand trial pursuant to CPL article 730. Even after a defendant has been adjudicated unfit to proceed to trial, and the court has issued an order of commitment, the defendant "may make any motion authorized by this chapter which is susceptible of fair determination without his personal participation" (CPL 730.60 [4]). Neither the petitioner's personal participation nor his fitness to stand trial can reasonably be viewed as a prerequisite to a judicial determination as to whether his right to a speedy trial has been violated. Thus, the petitioner had a clear statutory right to a determination of his motion to dismiss the indictment on speedy trial grounds without awaiting a finding of fitness to proceed.

The respondents' remaining contentions are without merit. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.