◼ In the Matter of 24 FRANKLIN AVENUE R.E. CORP. et al., Respondents, v TOWN OF HARRISON et al., Appellants. [903 NYS2d 235]—In a hybrid proceeding pursuant to CPLR article 78, in the nature of mandamus to compel Robert Fitzsimmons, the Building Official of the Town/Village of Harrison, to issue certain building permits and action for a judgment declaring, among other things, that certain real property owned by the petitioners/plaintiffs is exempt from the provisions of Local Law No. 4 (2007) of the Town/Village of Harrison, the appeal, as limited by the appellants' brief, is from so much of a judgment of the Supreme Court, Westchester County (Zambelli, J.), entered August 11, 2009, as granted the petition and directed Robert Fitzsimmons, the Building Official of the Town/Village of Harrison, to issue the building permits.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the petition is denied, the proceeding is dismissed, and the first, second, third, and fourth causes of action are severed.

The Supreme Court directed Robert Fitzsimmons, the Building Official of the Town/Village of Harrison, to issue certain building permits to the petitioners/plaintiffs (hereinafter the petitioners). The judgment in the instant matter was based in part on a prior judgment of the Supreme Court, entered September 16, 2008, in effect, declaring that Local Law No. 4 (2007) of the Town/Village of Harrison—which amended the zoning code of the Town/Village so as to preclude the issuance of the building permits as of right—was invalid. As determined by this Court in a related appeal (*see Matter of 24 Franklin Ave. R.E. Corp. v Heaship*, 74 AD3d 980 [2010] [decided herewith]) the Supreme Court erred in rendering the judgment entered September 16, 2008, and we consequently are reversing that judgment. Accordingly, the petitioners failed to establish their clear legal right to the remedy of mandamus (*see Matter of Legal*

*Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]; *Matter of Pitt v Walsh*, 69 AD3d 860, 861 [2010]), and the Supreme Court should have denied the petition, dismissed the proceeding, and severed the causes of action seeking declaratory relief. Dillon, J.P., Balkin, Belen and Lott, JJ., concur.