Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Anthony L. Parga, a Justice of the Supreme Court, Nassau County, to fix a deadline for the defendants in an action entitled Jacobs v Grant, pending in the Supreme Court, Nassau County, under index No. 2303/09, to serve and file their opposition to the petitioner’s motion for summary judgment in that action and to fix a deadline for the determination of that motion. Motion by the petitioner to compel the defendants in that action to provide him, at reasonable times, access to certain personal property presently stored in a certain storage locker so as to permit him to use or remove that personal property.
Upon the papers filed in support of the motion and the papers filed in opposition or relation thereto, it is,
Ordered that the motion is denied; and it is further,
Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondent is directed, within 30 days of the date of this decision, order, and judgment, to fix a *742 deadline for the service and filing, by the defendants in the action entitled Jacobs v Grant, of papers in opposition to the petitioner’s motion for summary judgment in that action, which deadline shall be no later than 30 days after the date on which the respondent fixes that deadline, and the respondent is further directed to permit the petitioner to serve and file reply papers within 10 days after the defendants serve and file their opposition papers, and to render a determination of the petitioner’s summary judgment motion in that action no later than 45 days after the deadline fixed for the defendants’ service and filing of their papers in opposition to the motion.
The writ of mandamus may be “ ‘addressed to subordinate judicial tribunals, to compel them to exercise their functions, but never to require them to decide in a particular manner’ ” (Klostermann v Cuomo, 61 NY2d 525, 540 [1984], quoting People ex rel. Francis v Common Council of City of Troy, 78 NY 33, 39 [1879]; see Matter of DeCintio v Cohalan, 18 AD3d 872 [2005]). Thus, although this Court may not dictate the outcome, “[m]andamus will lie to compel the determination of a motion” (Matter of Weinstein v Haft, 60 NY2d 625, 627 [1983]; see Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh, 26 AD3d 495, 496 [2006]; see also CPLR 2219 [a]).
Under the particular circumstances of this case, we conclude that, “[w]hile a trial court possesses great discretion in the management of its own calendar” (Latimer v City of New York, 219 AD2d 622, 623 [1995]; see Matter of Daniels v Lewis, 95 AD3d 1011, 1012 [2012]), the petitioner is entitled to a schedule fixing deadlines for the submission of papers in opposition to his motion for summary judgment in the underlying action, and a timely determination of that motion thereafter. Accordingly, the petition is granted as indicated. Dickerson, J.P., Chambers, Hall and Lott, JJ., concur.