◼ In the Matter of GARY LIANG, Petitioner, v DUANE A. HART, a Justice of the Supreme Court, et al., Respondents. [17 NYS3d 771]—

Proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent Duane A. Hart, a Justice of the Supreme Court, Queens County, to determine four pending motions, fully submitted on June 17, 2013, July 24, 2013, November 26, 2013, and June 19, 2014, respectively, in an underlying action entitled *Liang v Yi Jing Tan* (Sup Ct, Queens County, index No. 8155/12).

Adjudged that the petition is granted insofar as asserted against the respondent Duane A. Hart, on the law, without costs or disbursements, and the respondent Duane A. Hart is directed to issue written orders within 30 days of this decision and judgment determining the four fully submitted motions pending in the underlying action entitled *Liang v Yi Jing Tan* (Sup Ct, Queens County, index No. 8155/12); and it is further,

Adjudged that the petition and proceeding are dismissed insofar as asserted against the respondent Yi Jing Tan, without costs or disbursements.

In February 2015, the petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel judicial determination of four pending motions, fully submitted on June 17, 2013, July 24, 2013, November 26, 2013, and June 19, 2014, respectively, in an underlying action assigned to the respondent Duane A. Hart, a Justice of the Supreme Court.

"Mandamus will lie to compel the determination of a motion" (*Matter of Weinstein v Haft*, 60 NY2d 625, 627 [1983]; *see Matter of Jacobs v Parga*, 98 AD3d 741, 742 [2012]; *Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh*, 26 AD3d 495 [2006]; *Matter of DeCintio v Cohalan*, 18 AD3d 872 [2005]). Under the particular circumstances of this case, the petitioner demonstrated a clear legal right to the relief sought (*see Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh*, 26 AD3d at 496; *Matter of DeCintio v Cohalan*, 18 AD3d at 872; *see also* CPLR 2219 [a]). Accordingly, the petition must be granted insofar as asserted against the respondent Hart, and that re-

spondent is directed to issue written orders within 30 days of this decision and judgment determining the four fully submitted motions pending in the underlying action entitled *Liang v Yi Jing Tan* (Sup Ct, Queens County, index No. 8155/12).

The petition and proceeding must be dismissed insofar as asserted against the respondent Yi Jing Tan, as she is neither a Judge of a County Court nor a Justice of the Supreme Court and, hence, this Court lacks subject matter jurisdiction over the proceeding insofar as asserted against her (*see* CPLR 7804 [b]; 506 [b] [1]; *Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *Matter of Lawtone-Bowles v Klein*, 131 AD3d 697, 698 [2015]; *Matter of Morales v Woods*, 85 AD3d 924 [2011]). Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.