Charalabidis v Elnagar (2020 NY Slip Op 04913)





Charalabidis v Elnagar


2020 NY Slip Op 04913


Decided on September 16, 2020


Appellate Division, Second Department


Dillon, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-01905
 (Index No. 18505/14)

[*1]Frini Charalabidis, et al., appellants,
v
Gehadadel Elnagar, et al., respondents.



APPEAL by the plaintiffs, in an action to recover damages for personal injuries, from an order of the Supreme Court (Frederick D. R. Sampson, J.), entered December 19, 2017, in Queens County. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 2219 and 22 NYCRR 202.48 to compel the same court to issue an order, in a form that can be appealed from, upon its oral decision of February 16, 2017, granting the defendants' motion to disqualify the plaintiffs' counsel.



Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellants.
Philip J. Rizzuto, P.C., Uniondale, NY (Kristen N. Reed of counsel), for respondents.



DILLON, J.P.


OPINION & ORDER
I. FACTS
This appeal arises from an automobile-related personal injury action that is the subject of a companion appeal (Charalabidis v Elnagar, __ AD3d __ [Appellate Division Docket No. 2016-12340; decided herewith]). The plaintiffs commenced this action to recover damages for injuries they allegedly sustained on November 22, 2014, when their vehicle allegedly was struck in the rear by a vehicle owned by the defendant Qusid, Inc., and operated by defendant Gehadadel Elnager.
On February 13, 2017, the defendants moved pursuant to former Code of Professional Responsibility DR 5-105(a) (22 NYCRR 1200.24[a]) to disqualify the plaintiffs' counsel. The defendants argued that there existed a conflict of interest for the plaintiffs' counsel to simultaneously represent the plaintiff driver, Frini Charalabidis, and her two plaintiff passengers. Since the parties were on trial, oral argument on the motion was heard on February 16, 2017. The Supreme Court considered the timing and merits of the motion, orally granted the motion, disqualified the plaintiffs' counsel, struck the action from the trial calendar, and issued a 60-day stay to enable the plaintiffs to obtain new representation. Although the final page of the transcript was signed by the court reporter, who certified its truth and accuracy, the transcript was never signed by the Justice of the court.
Since the plaintiffs wished to appeal the disqualification, on March 6, 2017, the plaintiffs' counsel transmitted to the Supreme Court a copy of the certified transcript of the proceedings, wherein the motion to disqualify had been granted. According to the record, the Justice refused to sign a "So Ordered" copy of the transcript, prompting the plaintiffs' counsel to complain to the district administrative judge that the refusal was preventing the plaintiffs from taking an appeal. Thereafter, on March 29, 2017, the plaintiffs' counsel submitted a proposed order of disqualification with notice of settlement pursuant to 22 NYCRR 202.48. Attached to the proposed [*2]order was a copy of the certified transcript from the February 16, 2017, proceeding. The court failed or refused to execute the proposed order, either in the form presented by the plaintiffs' counsel or in any modified or alternative form.
Having failed to obtain a signed transcript or an order from which to appeal, the plaintiffs obtained "special counsel" who, on May 24, 2017, moved pursuant to CPLR 2221 for leave to reargue the disqualification or, alternatively, pursuant to CPLR 2219 and 22 NYCRR 202.48 to compel the Supreme Court to issue an appealable order. In a supporting affirmation, special counsel specifically requested that if reargument were to be denied, the court "should either so order the transcript or sign the order that was previously submitted, so that plaintiff is not deprived of the right to appeal." In opposition, the defendants argued, inter alia, that since the transcript of the February 16, 2017, proceeding was certified by the court reporter and included language denominating it as "the decision and order of the court," no further action was required of the court to create an appealable paper.
In the order appealed from, the Supreme Court determined, without any analysis or comment, that the "Platinff's [sic] motion is denied." The plaintiffs appeal from so much of the order as denied that branch of their motion which was pursuant to CPLR 2219 and 22 NYCRR 202.48 to compel the court to issue an appealable order. The disqualification itself is beyond the scope of our review. This appeal provides us with an occasion to discuss the requirements of CPLR 2219, which governs the manner in which motions are to be determined by courts.
II. THE REQUIREMENTS OF CPLR 2219
There is a difference between a ruling, a decision, and an order. A decision resolves an issue on its merits, but does not order any party to do or refrain from doing anything. An order implements a decision by requiring a party to act or refrain from acting consistent with the decision. Decisions may not be appealed (see Litwak v Crown Beverages Corp., 133 AD2d 742; Matter of Shawn C.A., 110 AD2d 697; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510; Horner v Village of Mamaroneck, 47 AD2d 904), although appeals may be taken from orders and final judgments (see CPLR 5501[a]; 5512[a]; Matter of Trump Vil. Apts. One Owner v New York State Div. of Hous. & Community Renewal, 143 AD3d 996, 998). A ruling, which is not a product of a motion made on notice but a mere determination of an issue made during depositions, trials, or other proceedings, is not appealable (see CPLR 5501; Scott v Vassar Bros. Hosp., 133 AD2d 76, 77; Lee v Chemway Corp., 20 AD2d 266), although rulings that have been objected to and preserved may be reviewed on an appeal from a final judgment (see CPLR 5501[a][3]).
CPLR 2219(a) provides that in resolving motions, orders issued by the courts shall meet the following six basic criteria:
First, an order must be in the form of a writing (see Lee v Chemway Corp., 20 AD2d at 266; Le Glaire v New York Life Ins. Co., 5 AD2d 171, 172). A written determination by a court removes any possibility of the parties later disputing the substance of what the court decided (see Rep Prepared by the Comm on CPLR, Bill Jacket, L 1996, ch 38).
Second, an order determining a motion made upon supporting papers "shall be signed with the judge's signature or initials by the judge who made it" (CPLR 2219[a]; see Bankers Trust Co. of Cal. v Ward, 269 AD2d 480, 481; Moody v Burgos, 151 AD2d 555; Blaine v Meyer, 126 AD2d 508; Ojeda v Metropolitan Playhouse, 120 AD2d 717, 717-718; Carter v Castle Elec. Contr. Co., 23 AD2d 768).
Third, the judge's signature or initials must be dated. The dating of an order assures that it was executed after the submission of all relevant papers (see Glickman v Sami, 146 AD2d 671) and memorializes the administrative history of the action.
Fourth, a written order must identify the court from which it was issued. This requirement is necessary to identify the proper appellate court to which any appeal lies, and for an appellate court to know whether a filed appeal has been properly and jurisdictionally directed to the correct court or judicial department (see CPLR 5515[1]). The requirement also assures that the court's determination is within the subject matter jurisdiction of the identified trial court.
Fifth, an order must recite the papers reviewed in determining the motion. This requirement assures the parties that all papers that have been submitted for consideration have, in fact, been reviewed and considered by the court. The requirement that the court recite the papers reviewed fulfills the purpose of defining the scope of the record on appeal (see CPLR 5526; Matter of Dondi, 63 NY2d 331, 339; Yauchler v Serth, 114 AD3d 1069; Singer v Board of Educ. of the City of N.Y., 97 AD2d 507; Renelique v American Tr. Ins. Co., 47 Misc 3d 134[A], 2015 NY Slip Op [*3]50482[U], *1 [App Term, 2nd Dept, 2nd, 11th, & 13th Jud Dists]; Rep Prepared by Comm on CPLR, Bill Jacket L 1996, ch 38). Further, if an order reveals that not all of the known submitted papers have been considered by the court, an aggrieved party is alerted to the error and can potentially seek reargument of the motion on the ground that the court misapprehended the relevant facts (cf. Renelique v American Tr. Ins. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50482[U], *1) or seek resettlement of the record for an appeal (see Singer v Board of Educ. of City of N.Y., 97 AD2d at 507; Steiner v Braitman, 11 AD2d 762).
Sixth and finally, an order determining a motion shall "give the determination or direction in such detail as the judge deems proper" (CPLR 2219[a]). In other words, a court owes litigants some explanation of its determinations and clarity of its directives, but has broad discretion in determining the level of detail that it provides (see NYCTL 2012-A Trust v 1698 Lex Corp., 169 AD3d 577, 578). Some issues and actions may require a greater level of detail than others, and discerning which case calls for a heightened level of detail is part of the subjective art of judging. Additionally, in the event of an appeal, some discussion by a court of its reasoning in granting or denying a motion is helpful to the Appellate Division in reviewing whether the trial court's determination was correct under the law or a provident exercise of discretion under the facts. Orders that merely grant or deny a motion in one word or one sentence, without explanation, leave to the lawyers, litigants, and appellate courts the guesswork of why a motion was decided as it was. A cogent, even if terse, explanation of the court's reasoning may lead the unsuccessful party to recognize the flaws in its position and deter it from pursuing a costly appeal.
Absent from CPLR 2219 is any specific direction as to how courts are to treat motions and cross motions that present multiple or alternative requests for relief. While courts may address the merits of each separate branch of a motion or cross motion, and will often do so, the statute does not require the court to do so if one branch is controlling or dispositive of the others. Courts may dispose of one or more branches of lesser importance as being without merit or rendered academic by other aspects of the order.
CPLR 2219 is also silent about the language of decretal paragraphs, other than generally directing that orders provide determinations or directions in such detail as the judge deems proper. A court rule applicable to Supreme and County Courts directs that "[u]nless the circumstances require settlement of an order, a judge shall incorporate into the decision an order effecting the relief specified in the decision" (22 NYCRR 202.8[g]). Decretals may appear at the beginning or end of an order, depending upon the stylistic preference of the judge or justice, and each ordered directive should be a separate paragraph set off from the remainder of the order. Decretal paragraphs must at a minimum convey the language of an order (Ordered that . . . , It is hereby Ordered . . .), and should include within the body of each decretal the level of detail necessary to clearly inform the parties of an ordered directive in terms of what, who, when, and if relevant, where and how. The language of an order should conform strictly with its underlying decision. In the event there is a conflict between the language of a decision and the language of an order, the decision controls (see Scheuering v Scheuering, 27 AD3d 446, 447; Verdrager v Verdrager, 230 AD2d 786, 787; Green v Morris, 156 AD2d 331; Di Prospero v Ford Motor Co., 105 AD2d 479, 480). We discourage courts from using the short phrase "So Ordered" at the conclusion of a decision/order in lieu of a fuller explanatory decretal paragraph, as the mere declaration of "So Ordered" requires the attorneys, litigants, and appellate court to refer back to the body of the decision to divine from its discussion the exact ordered directive that is intended which, in some instances, might not always be clear or agreed upon by the parties.
While in most urban counties, the decision and order and the underlying papers are typically filed with the clerk by court personnel, where court personnel do not undertake this task, it is the prevailing party who usual files the decision and order with the clerk along with the papers used on the motion (see CPLR 2220[a]), although technically, any interested party may do so [FN1] (see Matter of Muka v Bryant, 53 AD2d 773; Matter of Carey v Moore, 244 App Div 763). The order is not enforceable or appealable until its filing has been accomplished (see Skolnik v Metro-North [*4]Commuter R.R., 13 AD3d 350; Fried v Carlucci & Legum, 309 AD2d 829; Matter of Raes Pharm. v Perales, 181 AD2d 58, 63-64; Petrie v Petrie, 144 AD2d 549; James Talcott Factors v Larfred, Inc., 115 AD2d 397, 400; Cultural Ctr. Comm. v Kokoritsis, 103 AD2d 1018; McCormick v Mars Assoc., 25 AD2d 433).
The bulk of the orders that we review on appeal meet the criteria of CPLR 2219(a), particularly orders that resolve fully submitted written motions. On occasions when a court renders a mere decision on a motion, the decision can be converted into an order by the execution of a proposed order with notice of settlement, under the procedures defined by 22 NYCRR 202.48. Such orders are to be sought within 60 days from the date of the decision; otherwise, the underlying motion is deemed abandoned absent good cause shown (see 22 NYCRR 202.48[b]; Funk v Barry, 89 NY2d 364, 366; HSBC Bank USA, N.A. v Moley, 145 AD3d 970, 971-972; Pol v Ashirov, 131 AD3d 523; Citibank v Velazquez, 284 AD2d 364; Brady v Brady, 271 AD2d 563, 564). An order issued upon notice of settlement must meet the same unyielding criteria of CPLR 2219(a) as an order rendered by a court upon directly determining a motion.
On occasions when CPLR 2219 is violated, our anecdotal experience is that it occurs when jurists render oral determinations on the record, in the courtroom, on the return date of a motion or on a later conference date. There are times when the rendering of oral determinations is advisable and helpful to parties, and nothing in this opinion and order should be interpreted as seeking to discourage the practice. One such example is when a motion is pending for injunctive relief, and a party may be tangibly affected by the presence or absence of a temporary restraining order. In such instances, a determination rendered in open court on the return date, lifting or continuing a temporary restraining order and granting or denying a preliminary injunction, provides the parties with the certainty of a determination without the delay that would result by issuing a later written decision and order. Indeed, CPLR 2219(a) specifically directs that motions relating to provisional remedies shall be determined within 20 days, rather than the 60-day deadline that governs other types of motions, increasing the value of oral determinations where possible. Matrimonial cases provide another example, where a party in need of immediate pendente lite relief from a monied spouse for paying a mortgage, electric bill, for food, or other expenses benefits from the speed of an expedited oral determination, rather than waiting for a written order to be received at some later time. Motions made shortly before a trial date, or in cases entitled to a trial preference, may also lend themselves to the prompt disposition that results from an oral determination on the record in open court.
Trial judges and justices may use their discretion as to when and whether, if at all, to determine a motion in open court, with parties present, on the record. When a judge or justice chooses to do so, as here, the transcript of the proceeding becomes the written version of the order subject to the mandates of CPLR 2219(a). The transcript prepared by the court reporter will reflect in the normal course the date of the proceeding, the court where the proceeding is conducted, and the identity of the jurist presiding. Trial judges and justices, in creating the transcribed record, must be mindful of all other requirements of CPLR 2219 that the court reporter cannot satisfy, including language that the determination is an "order," rather than a mere decision, if an order is what is intended; a full recitation of the papers reviewed by the court in reaching its determination; sufficient direction and detail as to what is being ordered; and the affixation of the judge or justice's signature or initials upon the transcript. Therefore, when the transcript is to become the written version of an order determining a motion, arrangements must be made for the transcript to be provided to the judge or justice for signature or initials. Only when the transcript is actually signed or initialed by the judge or justice with the direction that the transcript be entered does it meet the requirements of CPLR 2219(a) to be enforceable as an order, and only then upon its entry does the transcript become an "appealable paper" (Bankers Trust Co. of Cal. v Ward, 269 AD2d at 481; see generally CPLR 5512[a]).
Alternatively, when a transcript is used, a party may, as was also done here, provide a copy of it to the judge or justice with a proposed order for signature, with notice of settlement to all parties (see 22 NYCRR 202.48[a]). Under this method, the transcript need not be signed and can be treated as a mere decision, but the accompanying proposed order, once signed or initialed, becomes enforceable under CPLR 2219(a) and constitutes an appealable paper (see CPLR 5512[a]).
Here, the defendants' motion to disqualify the plaintiffs' counsel was decided during an in-court appearance, on the record, on February 16, 2017, with all counsel present. Since the motion to disqualify had been presented at the eve of trial, the Justice cannot be faulted for hearing [*5]oral argument and deciding the motion in open court on an expedited basis. However, the Justice failed or refused to later sign the transcript of the proceedings, and therefore, the transcript never qualified as an order for purposes of its enforcement or for an appeal (see Eaton v Eaton, 46 AD3d 1432; Nova v Jerome Cluster 3, LLC, 46 AD3d 292, 292-293; Dorizas v Island Insulation Corp., 254 AD2d 246; Domansky v Berkovitch, 251 AD2d 3; Blaine v Meyer, 126 AD2d at 508; Ojeda v Metropolitan Playhouse, 120 AD2d at 717-718). While the transcript bears the signature of the court reporter who certified its truth and accuracy, the court reporter's certification does not substitute for the plain and separate obligation set forth in CPLR 2219(a) that a judge or justice sign his or her name or initials to the document (see CPLR 5512[a]; Extebank v Finkelstein, 188 AD2d 513). The absence of the Justice's signature on the transcript had the effect of preventing the plaintiffs from directly appealing the adverse determination to the Appellate Division.
Likewise, the Justice failed or refused to sign the proposed order that was submitted to him, with a copy of the transcript and with notice of settlement. Such an order, if signed with or without modification of its proposed language, would have become an enforceable order and subject to appeal. Parties are entitled to orders that are both enforceable and appealable, and those fundamental rights should not be thwarted by any jurists' unwitting failure to abide by the requirements of CPLR 2219(a) (see Brown v 303 W. 42nd St. Realty Corp., 240 AD2d 248, 249; Lipson v Dime Sav. Bank of N.Y., 203 AD2d 161, 162; Double A Limousine Serv. v New York, N.Y. Limousine Serv., 130 AD2d 403, 404).
III. THE REMEDY AVAILABLE FOR NON-COMPLIANCE WITH CPLR 2219
In order to address the absence of a signed appealable order, the plaintiffs moved, inter alia, to compel the Supreme Court to sign either the transcript or the proposed order submitted with notice of settlement.
The plaintiffs' efforts to require the Supreme Court to sign the transcript or order were in the nature of mandamus, to compel the court to perform a ministerial act for which there was a clear right (see CPLR 7801; Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16; Matter of State of New York v King, 36 NY2d 59, 62-63; Matter of McClam v Corrigan, 171 AD3d 1069; Matter of Jacobs v Parga, 98 AD3d 741). In analogous circumstances, mandamus has been specifically applied to compel the determination of outstanding motions (see Matter of Weinstein v Haft, 60 NY2d 625, 627; Matter of Liang v Hart, 132 AD3d 765; Jacobs v Parga, 98 AD3d at 741; Matter of Law Offs. of Russell I. Marnell, P.C. v Blydenburgh, 26 AD3d 495, 496; Matter of DeCintio v Cohalan, 18 AD3d 872; Matter of Beekman Paper Co. v Fingerhood, 163 AD2d 238; Matter of Silk & Bunks v Greenfield, 102 AD2d 734; c.f. Matter of Grisi v Shainswit, 119 AD2d 418, 420). However, unlike in all of the foregoing reported cases, the plaintiffs here never actually commenced a proceeding pursuant to CPLR article 78 in the nature of mandamus against the Justice, and the statute of limitations has since expired (see CPLR 217[1]; Matter of Level 3 Communications, LLC v DeBellis, 72 AD3d 164, 173-174; Matter of Zupa v Zoning Bd. of Appeals of Town of Southold, 64 AD3d 723, 725). A proceeding pursuant to CPLR article 78 must be commenced, as relevant here, within four months "after the respondent's refusal, upon the demand of the petitioner or the person whom he [or she] represents, to perform its duty" (CPLR 217[1]). Here, in an order entered December 19, 2017, the court denied that branch of the plaintiffs' motion which was pursuant to CPLR 2219 and 22 NYCRR 202.48 to compel the court to sign and issue an appealable paper. Therefore, the plaintiffs were required to commence a proceeding pursuant to CPLR article 78 in the nature of mandamus against the Justice no later than April 19, 2018, and that deadline is now long passed. This Court understands the reluctance of the trial bar to ever commence such proceedings against the judges and justices assigned to their cases. However, (absent meaningful assistance from the district administrative judge) under the circumstances present here, where the plaintiffs made several unsuccessful attempts to obtain an appealable paper, their only alternative was to commence a proceeding pursuant to CPLR article 78 in the nature of mandamus if the plaintiffs wished to proceed with an appeal challenging the court's failure to provide them with an appealable paper.
Absent a proceeding pursuant to CPLR article 78, the plaintiffs can receive no relief on this appeal. This Court cannot compel under the guise of CPLR 2219(a) and 22 NYCRR 202.48 relief that can only be properly accomplished by mandamus, which is now untimely.
IV. MISCELLANEOUS
The requirements of CPLR 2219 should not be confused with the separate requirements of CPLR 4213, which independently regulates decisions rendered by courts upon the [*6]conclusion of non-jury trials and hearings. The reader is referred to CPLR 4213 for the different particulars of that statute.
Although, in the absence of a mandamus proceeding, we are obligated to affirm the order insofar as appealed from, we note that on this record, there is no signed enforceable order by which the original counsel for the plaintiffs has been disqualified and, therefore, the time to appeal any such future order has not yet begun to run.
The parties' remaining contentions have been rendered academic.
Accordingly, the order is affirmed insofar as appealed from.
COHEN and CONNOLLY, JJ., concur.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
BRATHWAITE NELSON, J., concurs in the result, and votes to affirm the order insofar as appealed from, with the following memorandum:
I agree with my colleagues in the majority that the order should be affirmed insofar as appealed from because the Supreme Court correctly denied the subject branch of the plaintiffs' motion. I write separately to dissent from the majority's finding that the record before this Court demonstrates a refusal by the Supreme Court to provide the plaintiffs with an appealable paper, warranting the majority's unnecessary criticism.
The record on appeal reflects only the absence of the signature of the Supreme Court Justice on the transcript of the February 16, 2017, determination granting the defendants' motion to disqualify the plaintiffs' counsel. I do not believe that it is appropriate to speculate as to any of the circumstances surrounding the absence of the Justice's signature nor do I believe that it is appropriate to speculate as to the district administrative judge's role in this matter. I therefore strenuously decline to join the majority in the unfounded criticism of these members of the judiciary. Under these circumstances, I agree with the conclusion reached by the majority only to the limited extent that it affirms the order appealed from.
ENTER:
Aprilanne Agostino
Clerk of the Court



Footnotes

Footnote 1:*In cases subject to efiling, all signed decisions, orders, and judgment are converted by court personnel into electronic form and are transmitted to the New York State Courts Electronic Filing (NYSCEF) site by the appropriate court clerk (see 22 NYCRR 202.5-b[d][6]).