■ In the Matter of MARVIN W., Appellant. EVELYN W., Respondent. [760 NYS2d 337] —In a proceeding pursuant to

Mental Hygiene Law article 81, the alleged incapacitated person appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated June 19, 2002, as denied, without a hearing, his motion to terminate the guardianship.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Rockland County, for a new determination after a hearing pursuant to Mental Hygiene Law § 81.36 (c).

The Supreme Court erred in denying the motion to terminate the guardianship without conducting a hearing. Mental Hygiene Law § 81.36 (c) requires that a hearing be held in order to determine whether a guardianship should be terminated. At the hearing, the burden of proof is on the person objecting to the termination of the guardianship to establish by "clear and convincing evidence" that the guardian's authority should not be terminated (see Law Revision Commn Comments, reprinted following McKinney's Cons Laws of NY, Book 34A, Mental Hygiene Law § 81.36, at 439). Accordingly, we remit the matter for a new determination after a hearing pursuant to Mental Hygiene Law § 81.36 (c). Altman, J.P., Florio, Adams and Rivera, JJ., concur.