In the Matter of WILLIAM J.J., Respondent. WILLIAM W.J., Appellant. [820 NYS2d 318]—

In a proceeding pursuant to Mental Hygiene Law article 81, the guardian, William W.J., appeals from (1) an order of the Supreme Court, Dutchess County (Rosato, J.), dated November 4, 2004, which denied his motion, in effect, to reargue his prior motion to vacate, inter alia, portions of a prior order of the same court dated December 11, 2003, which directed him, among other things, to file a bond and to obtain court approval before paying professional fees from the ward's estate, (2) an unsigned transcript of the same court dated January 27, 2005, and (3) an order of the same court dated April 5, 2005, which

denied his motion, in effect, to vacate three handwritten provisions in the order dated December 11, 2003, and two handwritten provisions in an order of the same court dated May 10, 2004, respectively, which, inter alia, changed the compensation of the guardian, removed his power to pay professional fees with assets of the incapacitated person without prior court approval, and directed the filing of a bond in the amount of $6,800,000.

Ordered that the appeal from the order dated November 4, 2004, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument (*see Vandewinckel v Northport/East Northport Union Free School Dist.,* 24 AD3d 432, 433 [2005]); and it is further,

Ordered that the appeal from the unsigned transcript dated January 27, 2005 is dismissed, without costs or disbursements, as no appeal lies from an unsigned transcript (*see* CPLR 2219 [a]; *Bankers Trust Co. of Cal. v Ward,* 269 AD2d 480, 481 [2000]); and it is further,

Ordered that the order dated April 5, 2005 is reversed, on the law, without costs or disbursements, the motion, in effect, to vacate three handwritten provisions in the order dated December 11, 2003, and two handwritten provisions in the order dated May 10, 2004, respectively, which, inter alia, changed the compensation of the guardian, removed his power to pay professional fees with assets of the incapacitated person without prior court approval, and directed the filing of a bond in the amount of $6,800,000 is granted, and those provisions of the orders dated December 11, 2003 and May 10, 2004 are stricken.

The Supreme Court, Dutchess County, Guardianship Accounting Part for the Ninth Judicial District (hereinafter Justice Rosato) issued two orders, one dated December 11, 2003 and the other dated May 10, 2004, confirming the report of Court Examiner Eugene Parlin in accordance with Mental Hygiene Law § 81.32 (*cf.* Mental Hygiene Law § 81.33 [e]). Justice Rosato added to the order dated December 11, 2003 handwritten provisions changing the order and judgment (one paper) of the · Supreme Court, Dutchess County (Pagones, J.), dated May 7, 2001, which, inter alia, appointed the father of the incapacitated person as his guardian. The order and judgment dated May 7, 2001 dispensed with the filing of a bond. In a subsequent order dated September 21, 2001 the Supreme Court, Dutchess County (Pagones, J.), among other things, directed that the father, as guardian, receive a salary of $75,000 annually, subject to periodic review of the court. Justice Rosato, in the order dated December 11, 2003, confirming the Court Examiner's

report for the period March 12, 2001 to March 31, 2002, directed the filing of a bond in the amount of $6,800,000. Justice Rosato also curtailed the power of the guardian, given in the order and judgment dated May 7, 2001 to retain attorneys, accountants, and other professionals and pay their fees by directing that no professional fees be paid with assets of the incapacitated person without prior court approval, and changed the compensation of the guardian by, in effect, removing the salary provision of the order dated September 21, 2001.

In the order dated May 10, 2004, confirming the Court Examiner's report for the period April 1, 2002 to March 31, 2003, Justice Rosato again added handwritten provisions, which directed compliance with the order dated December 11, 2003 by the purchase of a bond within 30 days, and further changed the compensation of the guardian by directing that no commissions be taken without prior court approval.

In executing his oversight responsibilities under Mental Hygiene Law § 81.32, Justice Rosato was authorized to reduce compensation to the guardian only if he failed to comply with a demand of the Court Examiner to file an initial or annual report (see Mental Hygiene Law § 81.32 [c] [1], [2]). Otherwise, Justice Rosato was without power to alter the compensation directed in the order and judgment dated May 7, 2001. The guardian did not violate Mental Hygiene Law § 81.32 (c). In addition, Justice Rosato could not modify the guardian's power to pay professional fees with assets of the incapacitated person. This power is reserved to the court appointing the guardian (see Mental Hygiene Law § 81.36 [a]). Moreover, the appointing court may not act sua sponte, but only on application of a guardian, the incapacitated person, or any other person entitled to commence a proceeding under Mental Hygiene Law article 81 (see Mental Hygiene Law §§ 81.06, 81.36 [b]) with a hearing on notice (see Mental Hygiene Law § 81.36 [c]; Matter of Marvin W., 306 AD2d 289, 290 [2003]; Matter of Levy v Davis, 302 AD2d 309, 310 [2003]).

Justice Rosato erred in directing the filing of a bond in the amount of $6,800,000 in the absence of a requirement for a bond in the order and judgment appointing the guardian (see Mental Hygiene Law § 81.25 [e]).

Accordingly, the motion, in effect, to vacate the handwritten provisions added to the orders dated December 11, 2003 and May 10, 2004, respectively, should have been granted. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.