■ In the Matter of the Guardianship of CARL K.D., an Alleged Incompetent Person. EUGENE B. YOUNG, ESQ., Appellant; CYNTHIA DORSEY, Respondent. [846 NYS2d 846]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 5, 2006. The order, inter alia, granted respondent's cross motion to vacate an order of Supreme Court dated January 19, 1988 nunc pro tunc to August 3, 2000.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: By an order of Supreme Court dated January 19, 1988, respondent was appointed conservator of the property of her incapacitated husband. By decree dated August 3, 2000, however, Surrogate's Court appointed respondent guardian of her husband's "person and property." From the years 2002 through 2006, respondent filed annual accounts only with Surrogate's Court.

Petitioner moved in Supreme Court to compel respondent to file annual reports in compliance with Mental Hygiene Law § 81.31, and he sought payment of his fees. Respondent crossmoved to vacate Supreme Court's January 19, 1988 order nunc pro tunc to August 3, 2000, the date of the Surrogate's decree. We conclude that Supreme Court erred in granting respondent's cross motion without first conducting a hearing as required by Mental Hygiene Law § 81.36 (c) and ordering petitioner to file a final report in compliance with Mental Hygiene Law § 81.33 (b), in view of the Surrogate's decree. Further, absent a proper modification or vacatur of Supreme Court's order, respondent's annual accounts with Surrogate's Court from the years 2002 through 2006 did not comply with article 81 and were thus insufficient to satisfy respondent's duty to file annual reports with Supreme Court. We therefore reverse the order and remit

the matter to Supreme Court to determine the motion and cross motion in compliance with Mental Hygiene Law article 81. Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.