■ In the Matter of YEHUDA C., an Incapacitated Person. DEBORAH C. et al., Appellants. [882 NYS2d 179]—

In a proceeding pursuant to Mental Hygiene Law article 81, the coguardians for the personal needs and property management of their incapacitated son appeal from an order of the Supreme Court, Kings County (Patterson, J.), dated March 27, 2008, which denied their motion, in effect, to terminate the guardianship and a supplemental needs trust, for a final accounting of the guardianship and the trust, and to fix an attorney's fee.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof denying those branches of the motion which were to terminate the guardianship, for a final accounting thereon, and to fix an attorney's fee, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, to direct the filing of final accountings by the appellants in their capacity as coguardians of the person and property of their son, for a determination of an appropriate attorney's fee, and, upon approval of the appellants' final accountings, for the entry of judgment terminating the New York guardianship.

The appellants petitioned for, and were granted, guardianship of their incapacitated son in a proceeding in Kings County. All of the child's property, including a sizable medical malpractice settlement, was placed in a supplemental needs trust. The appellants then moved their family to Israel to fulfill a professed desire to raise their family in a more supportive religious environment (see Mental Hygiene Law § 81.22). The appellants state that they subsequently petitioned for, and were granted, guardianship of the person and property of their son by the Family Court in Nazareth, Israel.

The circumstances that gave rise to the necessity for a guardian of the property of the child were satisfied with the creation of the supplemental needs trust. The child remains incapacitated, but a guardianship of his person has been issued in Israel, the jurisdiction where he and his family are now domiciled. There is, therefore, no longer a necessity for a New York guardianship of the person of the child (see Mental Hygiene Law § 81.36 [a] [4]). It would be impractical and unnecessary for a New York court and court examiner to provide duplicate supervision of the guardianship of a child in a foreign land. Thus, the Supreme Court improvidently exercised its discretion

in denying those branches of the motion which were to terminate the New York guardianship, for a final accounting thereon, and to fix an attorney's fee.

While the guardianship of the person and property of the child should be terminated, there is no basis on this record for the termination of the irrevocable supplemental needs trust. The Supreme Court therefore properly denied the branch of the appellants' motion which, in effect, sought to terminate the trust and have the funds transferred to them in their capacity as guardians of their son's property in Israel. The trustee's powers and responsibilities shall continue in accordance with the terms of the trust and the provisions of the guardianship judgment. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.