■ In the Matter of ROSALIE O. ROZANNA M. et al., Appellants; ROSALIE O., Respondent. [977 NYS2d 397]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs and property management of Rosalie O., an alleged incapacitated person, the petitioners appeal, as limited by their brief, from stated portions of an amended order and judgment (one paper) of the Supreme Court, Queens County (Nahman, J.), dated January 16, 2013, which, inter alia, after a hearing, directed the petitioner Rozanna M. to file a bond in the amount of $710,000.

Ordered that the amended order and judgment is affirmed insofar as appealed from, with costs.

The petitioners commenced this proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the personal needs and property management of Rosalie O., an alleged incapacitated person. After a hearing, the Supreme Court granted the petition, appointed the petitioner Rozanna M. as the guardian of Rosalie O.'s person and property, and appointed the petitioner Raymond M. as the stand-by guardian.

Contrary to the petitioners' contentions, the Supreme Court did not improvidently exercise its discretion in directing the petitioner Rozanna M. to file a bond in the amount of $710,000 in accordance with Mental Hygiene Law § 81.25, and the

requirement that a bond be filed did not conflict with any prior orders or the supplemental needs trust created for Rosalie O. (*see* Mental Hygiene Law § 81.25).

Further, the Supreme Court did not improvidently exercise its discretion in directing that Rosalie O.'s guardian obtain prior approval of the Supreme Court for accountant fees incurred in connection with the management of Rosalie O.'s property and that the guardian apply to the court for approval of payment of bills which may have accrued prior to the appointment of the guardian (*see* Mental Hygiene Law §§ 81.15, 81.20 [4]; 81.30; *Matter of Bertha W.*, 1 AD3d 603 [2003]; *cf. Matter of William J.J.*, 32 AD3d 517 [2006]). The petitioners have not established that these directives conflicted in any way with any prior orders or the supplemental needs trust. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.