# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**957**

**CA 14-01558**

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF THE PROCEEDINGS UNDER
ARTICLE 81, MENTAL HYGIENE LAW, FOR THE
APPOINTMENT OF A GUARDIAN FOR REGINA L.F.,
AN INCAPACITATED PERSON.
---------------------------------------------  MEMORANDUM AND ORDER
LISA R., STEPHEN D.R. AND JOHN R.F.,
PETITIONERS-RESPONDENTS,

REGINA L.F., BY AND THROUGH HER GUARDIAN
CATHOLIC FAMILY CENTER, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

DUTCHER & ZATKOWSKY, ROCHESTER (MILES P. ZATKOWSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

---

Appeal from a modified order and judgment (one paper) of the Supreme Court, Monroe County (William P. Polito, J.), entered February 12, 2014 in a proceeding pursuant to Mental Hygiene Law article 81. The modified order and judgment, insofar as appealed from, directed that the provision of the order and judgment dated November 1, 2013 directing that comfort care for the incapacitated person "shall always include food and hydration, whether orally or artificially, including comatose conditions", shall remain in full force and effect.

It is hereby ORDERED that the modified order and judgment insofar as appealed from is unanimously reversed on the law without costs and the provision that comfort care to the incapacitated person "shall always include food and hydration, whether orally or artificially, including comatose conditions" is vacated.

Memorandum: As limited by her brief in this guardianship proceeding pursuant to article 81 of the Mental Hygiene Law, respondent, by her guardian, appeals in appeal No. 1 from an order and judgment insofar as it provides that "comfort care shall always be provided, and shall always include food and hydration, whether orally or artificially, including comatose conditions." In appeal No. 2, respondent appeals from an order in which Supreme Court modified the terms of her guardianship and discharged Catholic Family Center as her personal needs guardian. We agree with respondent in appeal No. 1 that the nutrition and hydration provision referenced above must be vacated, and we reverse the order in appeal No. 2. We note at the outset that the order and judgment from which respondent appeals in appeal No. 1 was superseded by a modified order and judgment. In the exercise of our discretion, we treat the notice of appeal as valid and

deem the appeal as properly taken from the modified order and judgment (*see* CPLR 5520 [c]; *see generally Matter of Donegan v Torres*, 126 AD3d 1357, 1358, *lv denied* 26 NY3d 905).

With respect to appeal No. 1, the law is clear that "a competent adult generally has the right to make health care decisions, including the right to refuse life-sustaining treatment" (*Matter of M.B.*, 6 NY3d 437, 439), and that this right must be respected "even when a [person] becomes incompetent, if while competent, the [person] stated that he or she did not want certain procedures to be employed under specified circumstances" (*Matter of Westchester County Med. Ctr. [O'Connor]*, 72 NY2d 517, 528; *see* Public Health Law §§ 2981 [5] [b]; 2982 [2] [a]; 2994-d [4] [a] [i]).  The Court of Appeals in *O'Connor* determined that "clear and convincing evidence" of a person's pre-incompetency desire to refuse life-sustaining treatment is required, and further determined that a formal writing would satisfy that standard (*see O'Connor*, 72 NY2d at 530-532; *see also* § 2994-d [3] [a] [ii]).

Here, respondent's end-of-life wishes regarding artificial hydration and nutrition are memorialized in her health care proxy, which she executed when she was 66 years old and of sound mind and body.  Respondent stated in her health care proxy that, "[i]f I should have an incurable or irreversible condition that is likely to cause my death within a relatively short time, . . . no artificial administered nourishment or liquids shall be furnished to me unless necessary for my comfort or to alleviate pain."  Respondent further stated that, should she be in a state of permanent unconsciousness or profound dementia, all nourishment or liquids not necessary for her comfort or to alleviate pain "are to be withheld or withdrawn."  Because the nutrition and hydration provision inserted in the modified order and judgment in appeal No. 1 by the court conflicts with respondent's wishes as clearly and unambiguously expressed in her health care proxy, that provision must be vacated.

We conclude in appeal No. 2 that the court also erred in discharging Catholic Family Center as respondent's personal needs guardian.  Although the court stated in its decision and order that it was accepting Catholic Family Center's request to resign as guardian, there is no indication in the record that Catholic Family Center moved to resign.  Indeed, the record establishes that, before the order in appeal No. 2 was entered, the attorney for Catholic Family Center informed the court that his client was not seeking to resign, as the court for some reason had believed, and no party requested that the guardian be discharged.  In any event, a guardianship cannot be terminated without a hearing (*see* Mental Hygiene Law § 81.36 [c]; *Matter of Carl K.D.*, 45 AD3d 1441, 1441; *Matter of Marvin W.*, 306 AD2d 289, 290), which was not held here.  We therefore reverse the order in appeal No. 2 and reinstate Catholic Family Center as respondent's personal needs guardian.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court