■ In the Matter of BEATRICE R.H. DEAN E.H., Appellant; PENNY F.H., Nonparty Respondent. [35 NYS3d 119]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Beatrice R.H., the petitioner appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), dated November 18, 2015, which denied his motion to direct the independent guardian of Beatrice R.H.'s person and property to change Beatrice R.H.'s place of abode.

Ordered that the order is affirmed, without costs or disbursements.

In a judgment dated July 17, 2014, the Supreme Court appointed an independent guardian to manage Beatrice R.H.'s person and property. In the judgment, the court granted the independent guardian the power to choose Beatrice R.H.'s place of abode in accordance with the standards set forth in Mental Hygiene Law § 81.22 (a) (9). Beatrice R.H.'s son, the petitioner, appealed from so much of the judgment as appointed an independent guardian to manage her person and property. This Court affirmed that portion of the judgment (*see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.]*, 131 AD3d 1058 [2015]).

The petitioner thereafter moved to direct the independent guardian to change Beatrice R.H.'s place of abode from a skilled nursing facility in Manhattan, where she currently resides, to her former residence in Jericho. In the alternative, he moved to direct the independent guardian to move Beatrice R.H. to either of two certain skilled nursing facilities on Long Island. Penny F.H., the daughter of Beatrice R.H. and the sister of the petitioner, opposed the motion. The Supreme Court denied the motion.

Under the circumstances of this case, in particular, the extreme discord between Beatrice R.H.'s two children, it is not "reasonable" to maintain Beatrice R.H. "in the community" (Mental Hygiene Law § 81.22 [a] [9]; *see Matter of Williams*, 194 Misc 2d 793, 796-797 [Sup Ct, Suffolk County 2003], *affd sub nom. Matter of Marion A.W.*, 4 AD3d 432 [2004]). In an affirmation in response to the motion, the independent guardian opined that returning Beatrice R.H. to her former residence, which is now owned by the petitioner, would not be in her best interests. The independent guardian stated that the acrimonious relationship between the petitioner and his sister would create a safety and care issue for Beatrice R.H. In an affidavit, the court-appointed geriatric care manager, who has worked with Beatrice R.H. since 2012, also opined that the policies and structure of the skilled nursing facility in Manhattan where Beatrice R.H. currently resides have shielded her from the conflict between her children.

As to the petitioner's alternative request to move Beatrice R.H. to either of two certain skilled nursing facilities on Long Island, there is no dispute that the facility where Beatrice R.H. currently resides provides her with an appropriate level of care. The court-appointed geriatric care manager reported that Beatrice R.H. has made progress and is doing well at that facility. She stated that Beatrice R.H., who suffers from moderate to severe dementia, is now accustomed to her environment, and that change is difficult and sometimes even traumatic for individuals suffering from dementia. The geriatric care manager therefore opined that, at this point in time, it would not be in Beatrice R.H.'s best interests to move her to another facility. In addition, the independent guardian stated that Beatrice R.H.'s medical condition has stabilized at the current facility and, absent an agreement between her children to move her to another facility, "it would not be in [her] best interests to risk moving her and causing a deterioration in her level of care or her physical condition."

In light of the foregoing, the Supreme Court properly denied the petitioner's motion. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.