Matter of Angeliki K. (Fanny K.) (2020 NY Slip Op 02786)





Matter of Angeliki K. (Fanny K.)


2020 NY Slip Op 02786


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-05124
 (Index No. 30047/16)

[*1]In the Matter of Angeliki K. (Anonymous). Fanny K. (Anonymous), appellant.


Sinnreich Kosakoff & Messina, LLP, Central Islip, NY (Michael Stanton of counsel), for appellant.



DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Fanny K., as guardian of the property of Angeliki K., an incapacitated person, appeals, by permission, from an order of the Supreme Court, Westchester County (Robert M. DiBella, J.), dated April 18, 2019. The order, without a hearing, denied Fanny K.'s motion for leave to change Angeliki K.'s place of abode and, sua sponte, terminated the guardianship.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and Fanny K.'s motion for leave to change Angeliki K.'s place of abode is granted.
In April 2016, Fanny K. commenced this proceeding pursuant to Mental Hygiene Law article 81 seeking to be appointed as the guardian to manage Angeliki K.'s property located in Greece. After a hearing, the Supreme Court determined that Angeliki K. (hereinafter the IP) was incapacitated within the meaning of Mental Hygiene Law article 81 and appointed Fanny K. (hereinafter the guardian) as the guardian of her property. In September 2018, due to the IP's health problems and resultant inability to communicate in English, the IP was admitted to an assisted living and rehabilitation facility in Athens, Greece. In November 2018, the guardian moved for leave to change the IP's place of abode from New York to the assisted living and rehabilitation facility, with the IP continuing to maintain her permanent residence in New York. The court, without a hearing, denied the motion and, sua sponte, terminated the guardianship due to a lack of a continuing nexus between the guardianship and New York.
The Supreme Court should not have, sua sponte, terminated the guardianship, without a hearing, as a guardianship may be terminated "only on application of a guardian, the incapacitated person, or any other person entitled to commence a proceeding under Mental Hygiene Law article 81 with a hearing on notice" (Matter of William J.J., 32 AD3d 517, 519 [citations omitted]; see Mental Hygiene Law §§ 81.36[b], [c]; Matter of Regina L.F. [Lisa R.], 132 AD3d 1344). In any event, the evidence submitted by the guardian in support of her motion demonstrated that the IP still required a guardian to manage her property located in Greece (see Mental Hygiene Law § 81.36[a]; Matter of Yehuda C., 63 AD3d 923, 924). Accordingly, the court should not have terminated the guardianship.
Furthermore, the evidence submitted by the guardian in support of her motion demonstrated that changing the IP's place of abode was in her best interests (see Matter of Beatrice R.H. [Dean E.H.—Penny F.H.], 140 AD3d 875, 877). Accordingly, the Supreme Court should have [*2]granted the guardian's motion for leave to change the IP's place of abode.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court