Matter of Emilia R. O. (Monica O.--Janet C.) (2023 NY Slip Op 05606)

Matter of Emilia R. O. (Monica O.--Janet C.)

2023 NY Slip Op 05606

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02592
 (Index No. 1827/16)

[*1]In the Matter of Emilia R. O. (Anonymous). Monica O. (Anonymous), appellant; Janet C. (Anonymous), respondent.

William F. Smith, Bardonia, NY (Richard S. Pakola of counsel), for appellant.
Bergstein & Ullrich, New Paltz, NY (Stephen Bergstein of counsel), for respondent.

DECISION & ORDER
In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Monica O., coguardian of the person and property of Emilia R. O., an incapacitated person, appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), entered March 13, 2023. The order, insofar as appealed from, after a hearing, denied that branch of Monica O.'s motion which was for leave to change Emilia R. O.'s place of abode and, in effect, granted that branch of Janet C.'s cross-motion which was to return Emilia R. O. to her residence in Nanuet.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of Monica O.'s motion which was for leave to change Emilia R. O.'s place of abode is granted, and that branch of Janet C.'s cross-motion which was to return Emilia R. O. to her residence in Nanuet is denied.
In 2017, the Supreme Court appointed Monica O. and her sister Janet C. as coguardians of the person and property of their mother, Emilia R. O., an incapacitated person (hereinafter the IP). The court also gave them the power "[t]o choose the [IP's] place of abode." At that time, the IP had lived in her apartment in Nanuet for several years. In April 2021, Monica O., with the knowledge and consent of Janet C., brought the IP to stay with her in her home in New Paltz. It was understood by both Monica O. and Janet C. that the IP would live with Monica O. until certain issues with the IP's caregiver arrangement were resolved and renovations to her apartment were completed. In August 2022, Monica O. moved, inter alia, for leave to change the IP's abode to New Paltz. Janet C. opposed the motion and cross-moved, among other things, to return the IP to her residence in Nanuet. Following a hearing, the court denied that branch of Monica O.'s motion which was for leave to change the IP's place of abode and, in effect, granted that branch of Janet C.'s cross-motion which was to return the IP to her residence in Nanuet. Monica O. appeals.
A guardian seeking to change an incapacitated person's place of abode must demonstrate that the change is in the incapacitated person's "best interests" (Matter of Angeliki K. [Fanny K.], 183 AD3d 733, 735; see generally Matter of Lisa D., 99 AD3d 901, 902; Matter of Nimon, 15 AD3d 978, 979). The location of the incapacitated person's place of abode must be consistent with, among other things, "the existence of and availability of family, friends and social services in the community, [and] the care, comfort and maintenance . . . of the incapacitated person" [*2](Mental Hygiene Law § 81.22[a][9]).
Here, Monica O. demonstrated that a change in abode would be in the IP's best interests. The evidence showed that Monica O. had been the IP's primary caretaker since April 2021, had provided a comfortable and accommodating living environment for the IP, and had capably managed the IP's day-to-day care and needs. More importantly, the medical evidence demonstrated the importance of stability when an individual suffers from dementia. Similarly, the evidence showed that moving the IP back to Nanuet could lead to confusion, the deterioration of her condition, and the worsening of her depression. Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of Monica O.'s motion which was for leave to change the IP's place of abode and, in effect, granting that branch of Janet C.'s cross-motion which was to return the IP to her residence in Nanuet.
In light of our determination, we need not reach Monica O.'s remaining contention.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court